Maynard THOMPSON, Louis Flammond, Sr., and Pedro Red Hawk, Plaintiffs,

v.

James ELLENBECKER, in his capacity as Secretary of the South Dakota Department of Social Services, and his successors, executives and assigns,

Terry Walter, in his capacity as Program Administrator, South Dakota Office of Child Support Enforcement, and his successors, executives and assigns, and

Mike Mehlhaff, in his capacity as the Secretary of the South Dakota Department of Commerce, his successors, executives and assigns, Defendants.

Civ. No. 94–4166.

United States District Court,
D. South Dakota,
Southern Division.

Sept. 18, 1995.

B.J. Jones, Dakota Plains Legal Services, Mission, SD, for Plaintiffs.

David L. Braun, Charles McGuigan, Assistant Attorneys General, Pierre, SD, for Defendants.

MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Senior District Judge.

Plaintiffs brought this action seeking a declaration that SDCL §§ 32–12–116 and 25–7A–56, which restrict the issuance or renewal of drivers and professional licenses to those persons owing more than $1,000 in child support arrears, violate various provisions of the United States Constitution. Plaintiffs seek a permanent injunction prohibiting the defendants from enforcing the said statutes.

Each plaintiff has child support arrearages of more than $1,000 and their prior South Dakota driver's licenses have expired. The plaintiffs have each received temporary driving permits pending the resolution of this action.

Both plaintiffs and defendants have made Motions For Summary Judgment in this ac-

tion. The motions were heard on April 17, 1995 and taken under advisement.

## I. *Jurisdiction*

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 1367(a).

## II. *Background*

### A. *Standing*

■ Although plaintiffs seek to have two statutes declared unconstitutional, this Court held in an order dated August 17, 1995, that plaintiffs do not have standing to challenge SDCL § 25–7A–56 because none of the plaintiffs have the type of professional or business license subject to restriction under this statute.

■ As plaintiffs do have drivers' licenses they have standing to challenge SDCL § 32–12–116, which provides:

**32–12–116. Restrictions on issuing license to person in arrears for child support—Promulgation of rules.** The department of commerce and regulation may not issue or renew any license under [the "Drivers' Licenses and Permits" chapter] to a person after receiving notice from the department of social services that the person has accumulated child support arrearages in the sum of one thousand dollars or more unless the person has made satisfactory arrangements with the department of social services for payment of any accumulated arrearages. However, the department of commerce and regulation may, upon the recommendation of the department of social services, issue a temporary permit pursuant to § 32–12–19 pending the issuance of a license if the temporary license is necessary for the licensee to work and if the department of social services has determined that the licensee is making a good faith effort to comply with the provisions of this section.

The department of social services may promulgate rules pursuant to chapter 1–26 to implement the provisions of this section as they pertain to the functions of the department of social services. The department of commerce and regulation may promulgate rules pursuant to chapter 1–26 to implement the provisions of this section as they pertain to the functions of the department of commerce and regulation.

Plaintiffs allege the above statute is unconstitutional because it does not provide procedural or substantive due process or equal protection of the laws.

### B. *Parties*

*Maynard Thompson.* Mr. Thompson is employed with a temporary employment service in Sioux Falls, and his wages are currently being garnished by the Office of Child Support Enforcement (OCSE) for $150 per month which is being applied $100 to his current child support obligations and $50 to his child support arrearages. OCSE has determined this amount is satisfactory. However, Mr. Thompson has refused to sign the stipulation required by OCSE and his driver's license has not been renewed.

*Louis Flammond, Sr.* Mr. Flammond was in a car accident in 1987 which left him a quadriplegic. His minor son is now receiving Social Security and VA benefits so he has no current child support obligations, but he had arrearages of $6,450 at the commencement of this action. OCSE is receiving $150 per month from Mr. Flammond's Social Security benefits on the arrearages and this is a satisfactory amount to OCSE. Mr. Flammond has refused to sign the stipulation required by OCSE and his driver's license has not been renewed.

*Pedro Red Hawk.* Mr. Red Hawk is disabled and is receiving Social Security disability benefits. OCSE has garnished his Social Security benefits and is receiving $150 per month which is a satisfactory payment to OCSE. Mr. Red Hawk has not contacted OCSE or signed the required stipulation.

### III. *Issues*

Plaintiffs assert that SDCL § 32–12–116 and the administrative rules adopted violate their procedural and substantive due process rights and deny them equal protection.

The issues to be decided are:

(1) Does the State of South Dakota's use of the drivers license law to collect delin-

quent child support obligations violate plaintiffs' substantive due process rights?

(2) Does the State of South Dakota's requirement that applicants for issuance or renewal of a drivers' license sign the stipulation set out at Appendix A to this opinion as a condition to the issuance or renewal of a drivers license violate plaintiffs' procedural due process rights?

(3) Does the State of South Dakota's use of the drivers license law to collect delinquent child support obligations violate plaintiffs' equal protection rights?

## IV. *Decision*

■ The statute at issue is presumed constitutional as it does not involve suspect classifications or fundamental rights. *MSM Farms, Inc. v. Spire*, 927 F.2d 330, 332 (8th Cir.1991). Therefore, plaintiffs carry the burden of proving the statute is unconstitutional.

### A. *Substantive Due Process*

■ The Eighth Circuit explained "[a] plaintiff asserting a Substantive Due Process claim ˙must establish that the government action complained of is 'truly irrational' that is 'something more than ... arbitrary, capricious, or in violation of state law.'" *Anderson v. Douglas County*, 4 F.3d 574, 577 (8th Cir.1993).

■ Plaintiffs assert SDCL § 32–12–116 fails to provide substantive due process because it is arbitrary and irrational to restrict an individual's drivers license for conduct unrelated to that individual's ability to safely operate a motor vehicle.

Defendants argue a rational basis exists between nonpayment of child support and restriction on the obligor's license to drive. When an obligor is more than $1,000 in arrears for child support, the state is able to ascertain an obligor's current address when he or she seeks to renew his or her drivers license. Additionally, restrictions on one's ability to drive inhibits one's ability to move from job-to-job, state-to-state or location-to-location. Without a valid drivers license it is more difficult to move or change jobs with the specific intent of avoiding payment of child support.

The Court finds that SDCL § 32–12–116 is not arbitrary or irrational. Rational reasons, as espoused above, support restrictions on child support obligors' drivers licenses for non-payment of child support. Therefore, this statute does not deny substantive due process to the plaintiffs.

### B. · *Procedural Due Process*

■ Plaintiffs complain that neither SDCL § 32–12–116 nor the regulations adopted provide any procedure for determining "satisfactory arrangements" for payment of arrearages and thereby deprives them of procedural due process. As each of the plaintiffs are already paying through other judicial process an amount which defendants agree is satisfactory, I conclude that the only due process claim available to them is whether the state can require them to sign the stipulation as a condition to obtaining a drivers license.

Plaintiffs' drivers licenses remain restricted because they have refused to sign the stipulation and agreement required by the defendants regarding the terms of their support payments. Plaintiffs object particularly to the following provision in the stipulation:

Obligor hereby stipulates and agrees to remain current in payment of his present child support obligation and further stipulates and agrees to pay an additional $_____ per month until all outstanding arrearages are paid in full.

Plaintiffs object to this provision because it would allow a circuit court to cancel or suspend an obligor's drivers license for missing either a *current* support payment or an arrearages payment. They contend such action is not authorized by SDCL § 32–12–116 because the statute only authorizes restriction on issuance or renewal of drivers license for failure to pay *arrearages*.

The issue regarding the stipulation is whether it violates plaintiffs' procedural due process rights to require a child support obligor to sign a stipulation containing the above quoted provision in a case where the obligor is making or agreeing to make payments in an amount satisfactory to the OCSE.

In each case a court order is already in existence requiring the obligor to pay child support. Although the provision at issue may not be necessary, it does not require an obligor to make any current support payments which are not already the subject of a court order. Further, this provision does not require an obligor to waive any rights regarding payment of his court ordered child support. Therefore, requiring an obligor to sign a stipulation containing this provision does not deprive an obligor of his/her procedural due process rights.

This law would be a toothless tiger if a person who had not paid child support payments as previously ordered could orally agree to make child support payments in order to get a drivers license and then cease making payments as soon as he or she actually received the new license. The stipulation provides a means by which the State could return to Circuit Court to enforce the child support obligations by seeking to cancel or suspend a drivers license issued as a result of such stipulation.

## C. Equal Protection

■ Both plaintiffs and defendants agree the standard to be applied in this case is the rational basis test because no fundamental right or suspect class is implicated. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Under this test, a statute is "presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.*

■ Plaintiffs concede collection of past due child support is a legitimate state interest. They argue, however, that classifications drawn by the statute are not rationally related to such interest.

The Eighth Circuit explained that social and economic measures will violate the equal protection clause only when "the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *MSM Farms*, 927 F.2d at 332. It is clear SDCL § 32–12–116 was adopted as a social and economic measure to help both the children residing in South Dakota and the State of South Dakota to collect support payments due to them.

Restrictions on renewal of drivers licenses imposed on child support obligors owing more than $1,000 in arrearages is different than the remedies available to collect debts from persons owing other types of debts. However, the Court does not find such treatment is so unrelated to the achievement of the legitimate purpose of collecting child support so as to be irrational. The Court therefore finds SDCL § 32–12–116 does not violate the equal protection clause of the fourteenth amendment.

## V. Conclusion

The State of South Dakota can properly require that applicants for the issuance or renewal of South Dakota drivers license make provisions for payments of child support obligations. SDCL § 32–12–116 does not deprive plaintiffs of due process or equal protection of the laws by requiring them to sign a stipulation that they will continue to make payments on their current and delinquent child support obligations as a condition to the issuance of their South Dakota drivers licenses.

Therefore, upon the record herein,

IT IS ORDERED:

(1) That Plaintiffs' Motion For Summary Judgment, Doc. 26, is denied.

(2) That Defendants' Motion For Summary Judgment, Doc. 30, is granted.

(3) That the Clerk of Courts shall enter judgment for the defendants on all issues.