OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Randall Leuvoy appeals his conviction and sentence entered by the Fairfield County Municipal Court on one count of driving under suspension, in violation of R.C. 4507.02(D)(1), after the trial court found appellant guilty upon his entering a no contest plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 2, 2003, appellant was stopped for speeding and ultimately cited for driving under suspension. Appellant's driver's license had been suspended in August, 2002, due to his failure to pay his child support obligations. Appellant appeared before the trial court and entered a plea of not guilty.
 {¶ 3} On April 24, 2003, appellant filed a motion to dismiss, arguing the underlying statutory process pursuant to R.C.3123.53, et seq., which resulted in his driver's license being suspended, was unconstitutional as it deprived him of his substantive and procedural due process rights. The State filed a memorandum contra. The trial court conducted a hearing on June 6, 2003. The trial court ordered the parties to file written memoranda in support of their respective positions.
 {¶ 4} Via Entry filed August 7, 2003, the trial court denied appellant's motion to dismiss, finding R.C. 3123.53, et seq. did not violate appellant's due process rights. Subsequently, appellant entered a plea of no contest. The trial court found appellant guilty and sentenced appellant to ninety days in county jail. The trial court suspended eighty-five days and placed appellant on two years probation. The trial court memorialized the conviction and sentence via Entry filed August 25, 2003.
 {¶ 5} It is from this conviction and sentence, as well as the trial court's denial of his motion to dismiss, appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred in overruling the defendant's motion to dismiss."
 I {¶ 7} Herein, appellant argues R.C. 3123.53 ". . . bears no rational relation to the governmental interest in making sure child support is paid"; therefore, is unconstitutional. Appellant's Brief at 3. We disagree. Specifically, appellant argues the statute deprived him of his substantive and procedural due process rights. We address each in turn.
 {¶ 8} R.C. 3123.53 provides:
 {¶ 9} "If either of the following occurs with respect to an individual who is an obligor under a child support order, the child support enforcement agency administering the child support order may determine whether the individual holds a driver's or commercial driver's license, motorcycle operator's license or endorsement, temporary instruction permit, or commercial driver's temporary instruction permit issued by the registrar of motor vehicles or a deputy registrar or, if possible, whether the individual has applied for or is likely to apply for that license, endorsement, or permit:
 {¶ 10} "(A) court or child support enforcement agency makes a final and enforceable determination under sections 3123.01 to3123.07 of the Revised Code that the individual is in default under the child support order.
 {¶ 11} "(B) The individual fails, after receiving appropriate notice, to comply with a subpoena or warrant issued by the court or child support enforcement agency with respect to a proceeding to enforce the child support order."
 {¶ 12} A law passed by the general assembly is entitled to a strong presumption of constitutionality and the burden of proving a law unconstitutional lies with the moving party and must be established beyond a reasonable doubt. State v. Anderson
(1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224.
 {¶ 13} The operation of a motor vehicle is a privilege, not a right; therefore, the suspension of a license does not amount to a violation of a fundamental right. Doyle v. Ohio Bur. of MotorVehicles (1990), 51 Ohio St.3d 46, 51, 554 N.E.2d 97. Nonetheless, in Andrews v. Turner (1977), 52 Ohio St.2d 31, the Ohio Supreme Court recognized:
 {¶ 14} "It is well settled that the use of public highways by motor vehicles does not amount to an absolute and unqualified right, but, rather, is a privilege which may be limited, controlled and regulated by the responsible public authority in the exercise of the police power whenever, and to the extent, necessary to provide for and promote the safety, peace, health and general welfare of the people. However, in Bell v. Burson
(1971), 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90, the United States Supreme Court held that `(o)nce (driver's) licenses are issued * * * their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. (Citations omitted.) This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege".' (Citations omitted)." Id. at syllabus.
 {¶ 15} The statute must only have a reasonable relation to a proper legislative purpose and be neither arbitrary nor discriminatory for due process to be satisfied. State v.Fonseca (1995), 106 Ohio App.3d 115, 117, citing Nebbia v. NewYork (1934), 291 U.S. 502, 537. Appellant asserts suspension of a person's driver's license because of a child support arrearage bears no rational relation to the licensing of a driver.
 {¶ 16} Both parties agree this is an issue of first impression in Ohio. Appellee cites two cases in which courts held similar statutes to be constitutional. In the first, State,Dept. of Revenue, Child Support Enforcement Div. v. Beans
(1998), 965 P.2d 725, the Supreme Court of Alaska held the Child Support Enforcement Division articulated a legitimate public policy [purpose] for targeting the driver's licenses of delinquent obligors: the State's need to collect child support from all obligors, whether or not they were subject to income withholding. The court found the threat of driver's license suspension was a particularly effective enforcement tool against those obligors who resist income withholding. Id. at 727. As did the appellee in Beans, appellant herein argues the lack of relationship between the sanction (suspension of driving privileges) and his underlying conduct (failure to remain current on his child support obligation) render R.C. 3123.53 arbitrary; therefore, a violation of his substantive due process constitutional rights. We find appellant focuses on the wrong relationship in making his argument. "Whether there is direct relationship between [appellant's] underlying conduct and the potential sanction has little or nothing to do with whether the sanction is particularly effective against a certain class of delinquent obligors. It is this particular effectiveness that makes the sanction of losing a driver's license rational."[1] Id. Accordingly, we find appellant's substantive due process rights were not violated.
 {¶ 17} We now turn to appellant's procedural due process challenge to R.C. 3123.53, et seq.
 {¶ 18} As stated supra, an operator's license in the State of Ohio is a privilege, and is not a property right. Doyle, supra, at 52. While an individual must be afforded due process, the judicial model need not be strictly followed in an administrative proceeding. Id. Generally, due process under the Ohio and United States Constitutions demands a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, where the state seeks to infringe upon a protected liberty or property interest. State v. Hochhausler (1996),76 Ohio St.3d 455.
 {¶ 19} R.C. 3123.02 requires the child support enforcement agency to "conduct an investigation to determine the employment status of the obligor, the obligor's social security number, the name and business address of the obligor's employer, whether the obligor is in default under a support order, the amount of any arrearages, and any other information necessary to enable the court or agency to impose any withholding or deduction requirements and issue the related notices". Pursuant to R.C.3123.03, "Within fifteen calendar days after the identification of a default under a support order, the office of child support in the department of job and family services shall send a default notice to the obligor." Such default notice shall include "a summary of the actions that may be taken against the obligor if the court or agency makes a final and enforceable determination that the obligor is in default." Id.
 {¶ 20} R.C. 3123.032 allows an obligor, who has received a default notice, to make a timely request for an administrative hearing pursuant to R.C. 3123.04. "An obligor who receives a default notice * * * may file a written request for an administrative hearing with the child support enforcement agency that identified the default regarding whether a mistake of fact was made in the notice." R.C. 3123.04. Such request must be made not later than seven business days after the date on which the default notice is sent. Id. If the obligor fails to make such a request, the default notice becomes a final and enforceable determination by the child support enforcement agency. R.C.3123.03. R.C. 3123.05 permits an obligor to challenge the determination of the child support enforcement agency by filing a written motion for a court hearing within seven business days. Once this appeals process is exhausted, the child support enforcement agency must notify the obligor and the BMV of the default or arrearage triggering the license suspension pursuant to R.C. 3123.54.
 {¶ 21} We find the aforementioned procedure set forth in R.C. 3123 provided appellant with sufficient procedural due process safeguards.
 {¶ 22} Appellant's sole assignment of error is overruled.
 {¶ 23} The judgment of the Fairfield County Municipal Court is affirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to appellant.
[1] For a similar result see Thompson v. Ellenbecker (D.S.D. 1995), 935 F. Supp. 1037, though we do not necessarily agree in toto with the rationale expressed therein.