**CHESTERFIELD DEVELOPMENT CORPORATION, a Missouri corporation, Appellant,**

v.

**CITY OF CHESTERFIELD, a municipal corporation; Frederic M. Steinbach; Jade Garner Bute; Charles Fawcett; Barry Flachsbart; Dick Hrabko; Doug Hartman; Dan Hurt; June Schroeder; Betty Hathaway; Barbara McGuinness; Douglas R. Beach, Appellees.**

No. 91–1899EM.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1991.

Decided May 7, 1992.

William A. Hellmich, St. Louis, Mo., argued (Thomas M. Utterback and William A. Hellmich, on the brief), for appellant.

John J. Horgan, St. Louis, Mo., argued (John J. Horgan and Douglas R. Beach, on the brief), for appellees.

Before ARNOLD * and FAGG, Circuit Judges, and WOODS,** District Judge.

ARNOLD, Chief Judge.

Chesterfield Development Corporation appeals from the District Court's [1] dismissal of its lawsuit brought under 42 U.S.C. § 1983 for failure to state a claim. The Corporation claims the City of Chesterfield, its mayor, and its City Council members violated the Corporation's substantive-due-process rights by enforcing an invalid zoning plan and ordinance against it. We affirm.

We recite the facts in the light most favorable to the Corporation. On June 1, 1988, the City of Chesterfield, Missouri, was incorporated. On June 18 and 20, 1988, the City enacted a comprehensive zoning plan and a zoning ordinance. Because the City failed to provide proper notice before adopting the plan and ordinance and failed to file its plan with the appropriate Recorder of Deeds Office, both of these enactments were invalid under state law. The City was not aware of the invalidity at the time.

In the meantime, the Corporation entered into a contract to buy real property within the Chesterfield city limits. The Corporation proposed to build a shopping center on the property. Under the City's plan, however, the real estate was classified as non-urban and therefore not available for development as a shopping center. The Corporation's contract to buy the property was contingent upon the property's being re-zoned by the City. The Corporation filed a petition for re-zoning with the City on November 1, 1988, requesting the City to change the property's classification from non-urban to a "C-8" planned commercial district. On June 19, 1989, the City Council denied the request for re-zoning. Consequently, the Corporation was not able to buy or develop the property.

On August 17, 1989, the Corporation filed this action for damages under 42 U.S.C. § 1983, claiming that the City's enforcement of an invalid zoning plan and ordinance against it had deprived it of property without due process of law. The Corporation claimed that the property was not subject to zoning without a valid ordinance and plan, and therefore the City had no right to restrict the Corporation's development of the property. The District Court dismissed the Corporation's complaint for failure to state a claim for which relief could be granted. The Corporation appeals.

The Corporation does not claim that the City infringed upon any of its procedural rights. Rather, the Corporation alleges

---

* The Honorable Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992.

** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

a substantive-due-process violation. It claims the City deprived it of its property, without due process of law, by enforcing an invalid ordinance against it.

In *Lemke v. Cass County, Nebraska,* 846 F.2d 469, 470–71 (8th Cir.1987) (en banc) (per curiam), we said that the question "[w]hether a substantive due process claim may arise from a denial of a zoning permit is an open question in this circuit and need not be decided in this case." The concurring opinion, representing the views of five judges, argued that in zoning and land-use disputes with local governments, the plaintiff must allege something more than that the government decision was arbitrary, capricious, or in violation of state law.[2] Such claims, it asserted, are better addressed to state courts and administrative bodies. Otherwise, every violation of state law could be turned into a federal constitutional tort. The concurrence then went on to state that substantive-due-process claims should be limited to "truly irrational" governmental actions. *Id.* at 472. An example would be attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet.

The *Lemke* concurrence quoted with approval (and so do we) the following passage from *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982):

Such a claim is too typical of the run of the mill dispute between a developer and a town planning agency, regardless of [plaintiff's] characterizations of it and of defendants' alleged mental states, to rise to the level of a due process violation. The authority cited by [plaintiff], as well as other cases, all suggest that the conventional planning dispute—at least when not tainted with fundamental procedural irregularity, racial animus, or the like—which takes place within the framework of an admittedly valid state subdivision scheme is a matter primarily of concern to the state and does not implicate the Constitution. This would be true even were planning officials to clearly violate, much less "distort" the state scheme under which they operate. A federal court, after all, "should not ... sit as a zoning board of appeals." *Village of Belle Terre v. Boraas,* 416 U.S. 1, 12, 94 S.Ct. 1536, 1542, 39 L.Ed.2d [797] (1974) (Marshall, J., dissenting). *Every* appeal by a disappointed developer from an adverse ruling by a local ... planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983. As has been often stated, "[t]he violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution." *Crocker v. Hakes,* 616 F.2d 237, 239 n. 2 (5th Cir.1980) (per curiam).

*Id.* at 833 (emphasis in original) (footnote omitted). The First Circuit has recently reaffirmed this ruling. *PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28 (1st Cir. 1991), *cert. dismissed as improvidently granted,* —— U.S. ——, 112 S.Ct. 1151, 117 L.Ed.2d 400 (1992).

Plaintiff seeks to distinguish the *Lemke* concurrence and *Creative Environments* by seizing upon the phrase "admittedly valid" in the quotation just set out. Only if a state subdivision scheme is "admittedly valid," it argues, does the rule of *Creative Environments* apply. Here, the Corporation says, the zoning ordinance and plan, far from being "admittedly valid," are

---

**2.** The Corporation's reliance on the panel opinion in *Littlefield v. City of Afton,* 785 F.2d 596 (8th Cir.1986), is misplaced. In *Littlefield,* the panel held that the plaintiffs "stated a substantive due process claim when they alleged that the City acted capriciously and arbitrarily...." *Id.* at 607. The en banc Court in *Lemke,* citing

*Littlefield,* expressly stated that the question whether an allegation of arbitrary and capricious action on a zoning matter stated a federal substantive-due-process claim was open in this Circuit. Consequently, *Littlefield* is not binding precedent on this issue, and has not been since the filing of the en banc opinion in *Lemke.*

clearly invalid because of the lack of appropriate notice as required by state law. We disagree with this line of argument, ingenious though it is. We think the phrase "admittedly valid" should be read to refer to validity under the federal Constitution, not under state law. Otherwise, a mere violation of state law would automatically give rise to a federal substantive-due-process claim. In other contexts we have unequivocally held that a state-law error, no matter how fundamental, cannot in and of itself create a federal due-process violation. See, *e.g.*, *Meis v. Gunter*, 906 F.2d 364 (8th Cir.1990). In *Myers v. Scott County*, 868 F.2d 1017, 1019 (8th Cir.1989), we stated that "the theory of substantive due process is properly reserved for truly egregious and extraordinary cases...." We see no reason not to apply these holdings to a land-use dispute. Consequently, we expressly adopt the reasoning of the *Lemke* concurrence and reject the Corporation's claim.

■ The Corporation further attempts to distinguish the concurrence in *Lemke* by arguing that it is not merely alleging a violation of state law. Rather, it contends that the complete absence of law to apply— because there was no valid zoning ordinance for the City to enforce—turns the state-law violation into a substantive-due-process violation. We reject this argument. The Corporation's claim that no zoning applied to the property is, at bottom, nothing more than a claim that the City violated state law. The ordinance was invalid because the City adopted it at a hearing held thirteen days after notice of the hearing was published, instead of fifteen days as required by state law. The City claims it did not know the ordinance was invalid at the time it relied on the ordinance to deny the Corporation's request for rezoning. Even in the absence of valid municipal zoning, however, the City claims that the property remained zoned as nonurban because St. Louis County's zoning remained applicable to the property before it adopted its own valid zoning on March 5, 1990. Thus, the City at least had an arguably valid state-law ground for enforcing non-urban zoning at the disputed property site.

■ Our decision would be the same even if the City had knowingly enforced the invalid zoning ordinance in bad faith and had no claim that St. Louis County zoning applied to the property. A bad-faith violation of state law remains only a violation of state law. Consequently, we reject the Corporation's assertion that the City's enforcement of an invalid zoning ordinance is the kind of "truly irrational" governmental action which gives rise to a substantive-due-process claim. This does not mean that the conduct alleged is not actionable under state law, still less that we approve of it. It means only that no right created by the Due Process Clause of the Fourteenth Amendment has been violated.

The District Court properly dismissed the Corporation's complaint for failure to state a claim cognizable under § 1983. The judgment of the District Court is

Affirmed.