James R. ANDERSON, Appellant/Cross–Appellee,

v.

DOUGLAS COUNTY; Dennis Nagle, Appellees/Cross–Appellants.

Nos. 92–3758, 92–3959.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1993.

Decided Aug. 30, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 1, 1993.

James R. Anderson, Marshall, MN, argued, for appellant.

Scott Thomas Anderson, Minneapolis, MN, argued (Jay T. Squires, on the brief), for appellees.

Before JOHN R. GIBSON, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This appeal arises from the district court's grant of summary judgment to defendants in

an action brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, raising equal protection and due process issues in a land-use dispute, and also alleging common-law conspiracy.

Appellant James Anderson, owner of a parcel of land in Alexandria Township, Douglas County, Minnesota, sought to use the land to "thinspread" certain contaminated soil generated by the City of Minneapolis. Thinspreading is a method of soil treatment by which petroleum-contaminated soil is incorporated into healthy, native soil so that the naturally occurring microorganisms in the native soil biodegrade the petroleum. In response to Anderson's general inquiry about thinspreading in May, 1991, a Minnesota Pollution Control Agency (MPCA) representative in Douglas County inspected Mr. Anderson's land. As noted in the MPCA document on Land Application of Petroleum-Contaminated Soil, that agency's approval of thinspreading is contingent on compliance with applicable zoning ordinances and requirements and approval by local governmental authorities.

The City of Minneapolis contacted Mr. Anderson on July 9, 1991 regarding the availability of his land for the disposal of certain contaminated soil. Although Mr. Anderson and City of Minneapolis negotiated price, they did not enter into a firm contract because Mr. Anderson's ability to perform the thinspreading was contingent on local approval by the City's July 25, 1991, deadline.

Anderson contacted the Alexandria Township Board on July 10 and received their approval of the thinspreading on July 17. Anderson next sought the approval of the Douglas County Planning and Zoning Commission and contacted Dennis Nagle, the Zoning Administrator on July 17. Nagle informed plaintiff that a "conditional use permit" would be required and sent Anderson a permit application, information summarizing the permit application process, and relevant portions of the Douglas County Zoning Ordinance. Anderson did not appeal the requirement of a conditional use permit to the Board of Adjustment, as he was entitled to do under the Douglas County Zoning Ordinance. Anderson submitted his application on July 22, and pursuant to the process by which conditional use permits are issued, the Douglas County Zoning and Planning Commission held a public hearing after first giving ten days' notice of the proceeding. At that hearing on August 6, 1991, the Commission voted to recommend denial of the permit, and the County Board approved that recommendation on August 13. The reasons stated by the Board included Anderson's failure or refusal to explain the proposal; lack of separation of site from residential zoned land and adverse effect on that land; lack of conformity with the county's land use plan; inconsistency with ordinance goals of promoting public health, safety, comfort and welfare of Douglas County people; and opposition from area property owners. Finally, the Board indicated that the application was inconsistent with its policy, "adopted November 13, 1990, regarding thin spreading of contaminated soil originating outside Douglas County." Meanwhile, on July 25, 1991, the City of Minneapolis had informed Anderson that it could no longer consider his site for thinspreading because he had not yet received approval.

Anderson brought this action against various parties in September, 1991. The final amended complaint lists only Douglas County and Dennis Nagle as defendants. Anderson's suit alleged violation of his constitutional rights to due process and equal protection, as well as conspiracy to violate those rights. Anderson claimed damages in the amount he would have received from the City of Minneapolis for the anticipated thinspreading contract. On cross motions for summary judgment, the district court ruled in favor of defendants. Anderson appeals, arguing that violation of his equal protection and due process rights by the Douglas County and Nagle subjects Nagle to liability under 42 U.S.C. § 1983. Anderson also argues that the defendants engaged in a conspiracy. Defendants cross-appeal the district court's denial of their request for fees.

**I.**

Anderson contends that denial of his application to thinspread violated his Fourteenth Amendment right to equal protection be-

cause he was required to obtain a conditional use permit, a requirement apparently not imposed on applicants until 1991. Anderson relies upon the fact that before 1991 thinspreading was considered a permitted use under the Douglas County Zoning Ordinance and did not require any specific approval by local zoning authorities.

■ A party claiming a violation of equal protection must establish that he or she is "similarly situated" to other applicants for the license, permit, or other benefit being sought, particularly with respect to the same time period. Anderson failed to establish that similarly situated persons did not have to obtain conditional use permits. Indeed, the only evidence he presented tends to prove that other parties submitting thinspreading applications in 1991 were also required to obtain conditional use permits. As for the pre–1991 applicants, a city or county is entitled to change its interpretation of an ordinance as long as there is a rational basis for the change. *Carolan v. City of Kansas City,* 813 F.2d 178, 181 (8th Cir.1987); *see also Cornerstone Bible Church v. City of Hastings,* 948 F.2d 464, 471 (8th Cir.1991). Nagle testified in his deposition that he determined in 1991 that thinspreading, previously a "permitted use", should be reclassified as a "conditional use" because of the growing number of thinspreading applications and because of the public health issues associated with disposal of contaminated soils. We cannot say that Nagle's decision to regulate thinspreading more closely was without a rational basis.

## II.

Anderson contends that denial of the conditional use permit violated his right to substantive due process. Specifically, he argues that the decision to require a conditional use permit for thinspreading was irrational because it was not related to public health, safety, or welfare concerns. Anderson also contends that any attempt to apply county zoning regulations to this type of thinspreading is unlawful because local authority to regulate petroleum-contaminated soil is in conflict with state and federal law.

■ A plaintiff asserting a substantive due process claim must establish that the government action complained of is "truly irrational", that is, "something more than … arbitrary, capricious, or in violation of state law." *Chesterfield Development Corp. v. City of Chesterfield,* 963 F.2d 1102 (8th Cir. 1992) (quoting *Lemke v. Cass County,* 846 F.2d 469, 470–72 (8th Cir.1987) (en banc) (Arnold J., concurring)). To illustrate this heightened standard for substantive due process claims in the zoning context, the *Chesterfield* court gave as an example of such irrationality a zoning ordinance applying only to persons whose names begin with a letter in the first half of the alphabet. *Chesterfield,* 963 F.2d at 1104. We agree with the district court that Anderson has failed to present evidence from which a reasonable fact-finder could conclude that Douglas County's decision not to allow the thinspreading was "truly irrational."

■ Anderson also contends that Douglas County cannot regulate thinspreading because the City of Minneapolis, as the real party in interest with regard to the thinspreading, has the power under a Minnesota statute to condemn the land for that purpose. Anderson cites *Town of Oronoco v. City of Rochester,* 293 Minn. 468, 197 N.W.2d 426 (1972), for the proposition that this local zoning ordinance cannot prevail against a city with the power of eminent domain. We agree with the district court that *Town of Oronoco* does not stand for so broad a proposition. The Minnesota Supreme Court in *Town of Oronoco* adopted a "balancing-of-public-interests test for the resolution of conflicts between the exercise by governmental agency of their police power and their right of eminent domain." *Town of Oronoco,* 197 N.W.2d at 429. Even assuming that the City of Minneapolis is the real party in interest because of its need to dispose of the contaminated soil, we cannot say that need outweighs the county's interest in regulating thinspreading for reasons related to public health, safety, and welfare. This is especially so here because the City of Minneapolis was able to secure another site for the thinspreading.

■ Finally, Anderson argues that, under Minnesota law, local authorities may not regulate environmental protection and resource recovery. Anderson directs us to a provision of the Minnesota statutes that provides that when the MPCA "has requested a person who is responsible for a release or threatened release [of waste] to take any response action ... no political subdivision shall request or order that person to take any action that conflicts with the action requested by the [MPCA]." Minn.Stat. § 115B.17, subd. 11 (1987). Anderson argues that the MPCA's oversight of waste disposal and their preliminary approval of his site precludes regulation by local entities. His argument, however, ignores the authority given to local governmental units to regulate waste to the extent that such regulation does not conflict with state regulation. *See* Minn.Stat. §§ 400.16 (1982) and 400.161 (1981). It also ignores local authority to regulate land use. *See* Minn.Stat. § 394.21, subd. 1 (1959). Indeed, the MPCA application for spreading of soil indicates that local regulations may apply. Conflict exists only when an ordinance and a statute contain express or implied terms that are irreconcilable; no conflict exists where an ordinance is merely additional and complementary to, or in aid or furtherance of, a statute. *Mangold Midwest Co. v. Village of Richfield*, 274 Minn. 347, 143 N.W.2d 813 (1966). The authority of the MPCA does not here conflict with that of the local government entities. It is, if anything, complementary. Anderson has similarly failed to establish any conflict between local regulation and federal environmental regulations.

### III.

■ Anderson also argues that the local decision not to allow the thinspreading denied his right to procedural due process. In the zoning context, assuming a landowner has a protectible property interest, procedural due process is afforded when the landowner has notice of the proposed government action and an opportunity to be heard. *See Littlefield v. City of Afton*, 785 F.2d 596, 603 (8th Cir.1986). (For further elaboration on *Littlefield* and substantive due process, as opposed to procedural due process, see *Ches-*

*terfield Development Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104–05 (8th Cir. 1992).) Anderson contends that his right was denied because the volatile nature of the August 6 public hearing prevented him from effectively presenting his case. We disagree. Anderson not only had an opportunity to present his case to the zoning commission on August 6, he also received notice of the August 13 County Board meeting where he could have asked the Board not to approve the zoning board recommendation. But Anderson did not attend the August 13 meeting, nor did he appeal the requirement of a conditional use permit to the Board of Adjustment. Anderson cannot complain of a violation of procedural due process when he has not availed himself of existing procedures. *See Suckle v. Madison General Hosp.*, 499 F.2d 1364, 1366–67 (7th Cir.1974).

### IV.

■ Anderson also alleges that Douglas County and Alexandria Township conspired against him to violate his constitutional rights and to deny him permission to thinspread. He alleges that Nagle and an Alexandria Township official both opposed his application and exchanged information about it before either the township or county reached a decision. Common-law conspiracy involves a combination of persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means. *Harding v. Ohio Casualty Ins. Co.*, 230 Minn. 327, 337, 41 N.W.2d 818, 824 (1950), *cited in American Computer v. Jack Farrell Implement*, 763 F.Supp. 1473, 1489 (D.Minn.1991). To prove conspiracy, a party must specifically present facts tending to show agreement and concerted action. Conclusory allegations are insufficient. *See Sooner Prod. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983). In the preceding analysis we have concluded that no unlawful purpose was achieved. Anderson has failed to allege specific facts that would create an issue of material fact as to the existence of a conspiracy between Douglas County and Alexandria Township to use unlawful means to achieve what we have concluded is a lawful end. The district court therefore

 

correctly granted the defendants' summary judgment motion.

## V.

Finally, we consider defendants' cross appeal for attorneys fees. Defendants contend that they are entitled to fees under Rule 11 of the Federal Rules of Civil Procedure or the Minnesota equivalent. Minn. Stat. § 549.21 (1986). We reverse a trial court's denial of fees only in the event of an abuse of discretion. *See, e.g., NAACP–Special Contribution Fund v. Atkins,* 908 F.2d 336, 339 (8th Cir.1990) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); *National Recruiters, Inc. v. Toro Co.,* 343 N.W.2d 704, 708–09 (Minn.App.1984). While we note that the plaintiff, a lawyer appearing pro se, appears to have sometimes acted with unbridled zeal, we cannot say that the district court abused its discretion in denying defendants motion for fees. Because defendants do not argue that they are entitled to fees under 42 U.S.C. § 1988, we need not consider that alternative basis for an award.

## VI.

For these reasons, we affirm.