26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James R. ANDERSON, Plaintiff-Appellant,
v.
DOUGLAS COUNTY; Alexandria Township; Dennis Nagle, Defendants,
Forum Publishing Company, Defendant-Appellee.
 No. 93-4070.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: June 13, 1994.
 
 Before MAGILL, Circuit Judge, and FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.
 
 PER CURIAM
 
 1
 James Anderson appeals the district court's determination that he twice violated the dictates of Rule 11 in relation to his suit against Forum Publishing and the court's subsequent imposition of monetary sanctions in the amount of $23,336.52. We affirm.
 
 
 2
 Anderson sought to engage in a soil spreading operation on a parcel of land he owned in Alexandria Township, Douglas County, pursuant to an agreement with the City of Minneapolis ("the City"). The agreement required Anderson to get approval from Douglas County by July 25, 1991. This approval was never obtained. In a letter dated July 25, the City officially notified Anderson that he was no longer being considered for the soil spreading operation.
 
 
 3
 Anderson, an attorney licensed to practice law in Minnesota, then filed a lawsuit against Douglas County, Alexandria Township, Forum Publishing, and the Douglas County Zoning Administrator, Dennis Nagle, alleging that they conspired to violate his civil rights. Douglas County and Alexandria Township allegedly conspired to impose procedural hurdles to prevent Anderson from obtaining the necessary permits. Forum Publishing's role in the conspiracy was to inflame public opinion against Anderson's plan.
 
 
 4
 After the completion of lengthy discovery, Anderson dismissed Forum Publishing from the suit. Anderson settled with Alexandria Township for $15,000. The remaining defendants prevailed in their motion for summary judgment. See Anderson v. Douglas County, 4 F.3d 574 (8th Cir. 1993), cert. denied, 114 S. Ct. 1059 (1994).
 
 
 5
 Subsequent to its dismissal, Forum Publishing moved for sanctions pursuant to Rule 11. The Magistrate Judge[1] recommended the motion be granted because the newspaper articles that Anderson relied on for the basis for his suit were published after the City notified him that he would not be chosen for the soil spreading project and because Anderson presented no basis for believing that Forum Publishing had anything to do with the decisions or actions of Douglas County and Alexandria Township. The Magistrate Judge then ordered Anderson pay Forum Publishing a total of $22,836.52, which sum represented Forum Publishing's costs and attorney's fees. The District Judge[2] agreed that Anderson had violated Rule 11, but remanded the matter to the Magistrate Judge for reconsideration of the amount of the penalty in light of this court's decision in Pope v. Federal Express Corp., 974 F.2d 982 (8th Cir. 1992) which, in part, requires consideration of the party's ability to pay the sanction award.
 
 
 6
 On remand, Anderson was ordered to present evidence of his financial status. He presented an oral motion that Forum Publishing be required to do the same. His motion was followed by a written memorandum echoing this request. When this request was denied, Anderson appealed the matter to the district court, which affirmed the Magistrate Judge's decision.
 
 
 7
 After a hearing, the Magistrate Judge concluded that Anderson's motion to compel Forum Publishing to present evidence of its financial status was legally frivolous and violated Rule 11. He also concluded that Anderson had the wherewithal to pay the original sanction amount, along with an extra $500 for the Rule 11 violation that occurred on remand. Consequently, the Magistrate Judge recommended that Anderson be ordered to pay Forum Publishing a total of $23,336.52 for the two Rule 11 violations. The District Judge adopted the Magistrate Judge's report and recommendation.
 
 
 8
 We are required to "apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). After considering Anderson's arguments and objections, the record, and the Magistrate Judge's well-reasoned opinion, we conclude that the district court did not abuse its discretion. A published opinion would offer little precedential value, so we affirm on the basis of the district court's opinion. See 8th Cir. Rule 47(B).
 
 
 
 [1]
 The Honorable Earl J. Cudd, United States Magistrate Judge for the District of Minnesota
 
 
 [2]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota