No. 96-1179

WMX TECHNOLOGIES, INC.; WASTE     *
MANAGEMENT OF MISSOURI, INC.;     *
KAHLE LANDFILL, INC.,             *
                                  *
     Plaintiffs - Appellants      *
                                  *  Appeal from the United States
     vs.                          *  District Court for the
                                  *  Eastern District of Missouri.
GASCONADE COUNTY, MISSOURI;       *
WILFORD KALLMEYER; MICHAEL        *
MEYER; RAYMOND OCHSNER, their     *
capacities as Commissioners of    *
the Gasconade County Commission;*
JOHN B. BERKEMEYER, in his        *
capacity as prosecuting attorney*
of Gasconade County; CHARLES      *
SCHLOTTACH,                       *
                                  *
     Defendants - Appellees       *

Submitted: November 20, 1996

Filed:  January 27, 1997

Before MCMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BOGUE,[*] Senior District Judge.

_____

BOGUE, Senior District Judge.

Appellants WMX Technologies, Inc. ("WMX"), Waste Management of Missouri, Inc. ("WMM"), and Kahle Landfill, Inc. ("Kahle") (collectively "Waste Management") challenged the appellees Gasconade County Commissioners' ("County" or "Commissioners") enactment of a Solid Waste Management Ordinance claiming that such was a violation of Waste Management's substantive due process rights, constituted an illegal bill of attainder, and violated Missouri state law. The district court[1] dismissed Waste Management's substantive due process and bill of attainder claims for failure to state a claim and refused to exercise jurisdiction over the remaining state law claims. Alternatively, the district court indicated it would grant summary judgment on both the substantive due process and bill of attainder claims. We affirm.

BACKGROUND

_____

*The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

[1]The HONORABLE GEORGE F. GUNN, United States District Judge for the Eastern District of Missouri, Eastern Division.

-2-

The facts, as alleged by appellants, are as follows: In 1990, Kahle obtained a permit from the Missouri Department of Natural Resources ("DNR") to operate a sanitary landfill on a ten acre parcel in Gasconade County, Missouri. In 1992, WMX acquired a 160 acre parcel within which the 10 acre landfill is located. Title to the property was transferred to WMM in March 1994. Waste Management is currently the only solid waste collector licensed by the DNR to operate a solid waste landfill in Gasconade County. The existing ten acre Kahle landfill is now filled to its permitted capacity. In June 1993 Waste Management applied to the DNR for an operating permit to expand the existing landfill to include an additional 51 acres within the 160 acre parcel. They expended in excess of $3 million in planning, developing, and seeking a DNR permit for the proposed expanded landfill in anticipation of obtaining a permit to operate the site as a sanitary landfill for the deposit of solid waste, construction and demolition waste, and special waste collected from the counties, cites, and towns encompassing an eight county area in Missouri - including Gasconade County. In August 1993 and October 1993, the DNR held public hearings on Waste Management's application for expansion of the existing landfill. Despite Waste Management's offer of evidence showing the proposed expansion site is well-suited for use as a sanitary landfill, members of "Missourians for the Preservation of Water and the Environment" ("MPWE"), a group formed to oppose the proposed expansion, as well as other Gasconade County citizens attended

-3-

the October hearing and voiced strenuous opposition to the proposed expansion.

The record shows that in late 1993 or early 1994, the commissioners began investigating the possibility of enacting an ordinance regulating landfills. Defendant Berkemeyer, the prosecuting attorney of Gasconade County, was instructed to investigate what types of ordinances were available. Based upon their consultations with civil engineer Ray Frankenberg and attorney Berkemeyer, and upon sample ordinances, rules, and regulations compiled by Berkemeyer from other Missouri Counties, the Commissioners enacted the Gasconade County Solid Waste Management Ordinance on December 12, 1994. Three days later, Waste Management filed the complaint in this action, asserting that the ordinance was unconstitutional and illegal in several respects under Missouri law. Waste Management has never applied for, nor have they ever been denied a permit from the County. The ordinance was amended on July 26, 1995 and in its final form, purports to regulate and restrict the storing, collecting, transporting, processing, and disposing of solid, liquid, hazardous, and special waste within Gasconade County by requiring application to the Commissioners for a permit to operate a solid waste disposal, processing storage site.

Pursuant to Missouri Senate Bill 60, section 1, before the DNR may approve a permit application, verification is required from local governments that the entity and activity that are the

-4-

subject of the application are in compliance with all applicable "local zoning, building, and health codes, ordinances, and orders." On December 7, 1995, the DNR denied Waste Management's application for a permit to operate the expanded landfill citing Waste Management's failure to comply with the local Gasconade County ordinance's permit requirements.

After directing the parties to file cross-motions for summary judgment, the district court granted the defendants' motion to dismiss Waste Management's substantive due process and bill of attainder claims. The Court held in the alternative that the defendants were entitled to summary judgment on both counts. The court also declined to exercise supplemental jurisdiction over Waste Management's state law claims. In dismissing Waste Management's substantive due process claim, the court held that "plaintiffs have failed to allege facts sufficient to suggest that the commissioners' passage of the Amended Ordinance was 'truly irrational.'" Similarly, with respect to Waste Management's bill of attainder claim the court held that the ordinance does not constitute an illegal bill of attainder because it does not "single out" Waste Management, and the ordinance is not punitive.

On appeal, Waste Management argues that the district court improperly applied the heightened "truly irrational" standard to Waste Management's complaint and should have found that the Commissioners' enactment of the ordinance without authority to do

so was arbitrary and capricious.  Alternatively, appellants argue the substantive Due Process Clause was violated when the Commissioners allegedly ceded their legislative responsibilities to others and enacted an ordinance solely to pacify the vocal opposition to the expansion plan.  Appellants also maintain the district court erred in dismissing their bill of attainder claim as all required components of a bill of attainder claim were properly pled.

DISCUSSION

We review the district court's dismissal *de novo*. Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996).  In considering a motion to dismiss, the court must construe the complaint liberally and assume all factual allegations to be true. Id.  Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

I.  Substantive Due Process

Initially we note that Waste Management has brought a facial substantive due process claim and that they therefore have the burden of showing that "**any** application of [the ordinance] is unconstitutional." Christopher Lake Development Co. v. St. Louis County, 35 F.3d 1269, 1275 (8th Cir. 1994).  In this context, the

-6-

ordinance is unconstitutional if it is arbitrary, capricious and not rationally related to a legitimate public purpose.[1] *See, e.g.*, <u>Pennell v. City of San Jose</u>, 485 U.S. 1, 11, 108 S.Ct. 849, 857, 99 L.Ed.2d 1 (1988)(a land use ordinance is unconstitutional under Due Process Clause only if "arbitrary, discriminatory, or demonstrably irrelevant to the policy the legislature is free to adopt").

Waste Management does not argue that the County has no legitimate interest in regulating landfills for the safety, health, and welfare of its citizens.[2]  Rather, they argue that

---

[1]A "facial" substantive due process challenge to a land use ordinance bears important differences to an "as applied" substantive due process challenge to the same ordinance.  As noted, when one makes a "facial" challenge, he or she argues that *any* application of the ordinance is unconstitutional.  He or she must show that, on its face, the ordinance is arbitrary, capricious, and not rationally related to a legitimate government interest.  When one makes an "as applied" challenge, he or she is attacking only the decision that applied the ordinance to his or her property, not the ordinance in general.  In this context, he or she must show that the government action complained of (i.e. denying a permit application) is "truly irrational."  *See* <u>Eide v. Sarasota County</u>, 908 F.2d 716 (11th Cir. 1990)(discussing differences between "facial" and "as applied" challenges).

[2]Section 2.5 of the Gasconade County Solid Waste Management Ordinance states in part: "No site or facility shall be considered or approved by the commission unless . . . (2) [t]he project [is] designed, located and proposed to be operated so that the public health, safety and welfare will be protected."

the means[3] by which the County seeks to further that interest are arbitrary, capricious, irrational, and wholly unrelated to its legitimate interest.   Waste Management maintains the ordinance violates the substantive Due Process Clause of the Fourteenth Amendment for either of two reasons:  First, they claim the ordinance is unconstitutional because the Commissioners' act of allegedly passing the ordinance without authority (that is, the ordinance lacked basis in state law) was "truly irrational."[4]

_____

[3]The ordinance provides in part: (1) that the height of the landfill shall not exceed 25 feet above the highest natural ground elevation within one-half mile of the site; (2) that the site will not be approved unless the project is necessary for the public convenience and will not substantially diminish the value and present use of other property in the neighborhood; and (3) that applicants must provide financial assurance instruments in the amount of $5 million as a precondition to receiving solid, special and demolition waste, which instruments would cover a post-closure care period of 50 years.  These are the provisions of the ordinance which Waste Management argues are particularly objectionable and irrational.

[4]Appellants also argue that the district court erroneously applied the "truly irrational" standard because that standard is reserved for substantive due process claims in the zoning context.  They argue that because the County has no zoning authority -- having failed to adopt the required zoning plan -- it did not pass a valid zoning ordinance and cannot avail itself of the heightened scrutiny this court imposes upon plaintiffs who challenge the actions of local zoning authorities.  However, the Commissioners' have independent statutory authority to pass the ordinance in question. (*See* FN5 *infra*).  We think the distinction Waste Management draws between land use regulations enacted pursuant to a comprehensive zoning plan and land use regulations enacted pursuant to a statutory grant of authority is one without a difference.  The district court properly applied the "truly irrational" standard to Waste Management's challenge of the Commissioners' enactment of the ordinance.

Alternatively, assuming the commissioners had authority to enact the ordinance, Waste Management claims the ordinance is arbitrary, capricious, and irrational because: (1) by relying on the expert advice of an attorney and an engineer, the Commissioners allegedly abdicated their legislative responsibilities; and (2) the commissioners passed the ordinance solely to assuage the unreasoned fears of the electorate without due regard to the state waste disposal laws.

Initially, Waste Management argues the ordinance is unconstitutional because the Commissioners' enactment of the ordinance was "truly irrational" where they allegedly lacked the authority to enact the ordinance.  Yet, it is clear the Commissioners have statutory authority to adopt ordinances regulating land use with respect to solid waste disposal that are "equal to or more stringent than" the state solid waste disposal laws -- provided they are not "substantially inconsistent" with the state solid waste disposal laws.[5]   Appellants argue,

_____

[5]Sections 260.200 through 260.245 of the Revised Statutes of Missouri comprise the solid waste disposal laws of that state. Section 260.215.2 authorizes Missouri counties to:

> . . . adopt ordinances or orders, rules, regulations, or standards for storage, collection, transportation, processing or disposal of solid wastes which shall be in conformity with the rules and regulations adopted by the [DNR] for solid waste management systems.  Nothing in Sections 260.200 to 260.245 shall usurp the legal right of a . . . county from adopting and enforcing local ordinances . . . **equal to or more stringent than** the rules or regulations adopted by the department pursuant to sections 260.200 to 260.245.  Any county . . . which adopts orders or ordinances for the management of solid wastes shall ensure that such ordinances are not **substantially inconsistent** with the

-9-

however, the ordinance is so "substantially inconsistent" with the state solid waste laws, that § 260.215.5 preempted the ordinance and it was therefore passed in violation of state law. Thus, they claim, the Commissioners' passage of the ordinance contrary to state law violates the substantive Due Process Clause.[6]  We disagree.

In <u>Chesterfield Development Corp. v. City of Chesterfield</u>, 963 F.2d 1102 (8th Cir. 1992) the district court dismissed a development corporation's lawsuit brought under 42 U.S.C. § 1983 for failure to state a claim where the corporation alleged the

---

          requirements of sections 260.200 and [sic] 260.245 and
          the rules and regulations promulgated pursuant thereto.

Rev.Stat.Mo. § 260.215.2 (emphasis added).

[6]Although this aspect of appellants substantive due process challenge is not technically an "as applied" challenge (the ordinance has never been enforced against Waste Management), they nevertheless are challenging the action of the Commissioners in passing an allegedly invalid ordinance.  Thus the "truly irrational" standard is appropriate.

city council violated the corporation's substantive due process rights by enacting an invalid zoning ordinance and enforcing it against the corporation.   There, the circuit court held "in zoning and land use disputes with local governments, the plaintiff must allege something more than that the government decision was arbitrary, capricious, or in violation of state law . . . . [S]ubstantive due process claims should be limited to 'truly irrational' governmental actions." Id. at 1104 (citing Lemke v. Cass County, Nebraska, 846 F.2d 469 (8th Cir. 1987)(en banc)(per curiam)(Arnold, J., concurring).  As an illustration of a "truly irrational" ordinance, the Chesterfield court described it as one "applying only to persons whose names begin with a letter in the first half of the alphabet." Chesterfield, 963 F.2d at 1104; *See also* Anderson v. Douglas County, 4 F.3d 574 (8th Cir. 1993), *cert. denied*, 510 U.S. 1113 (1994)(applying "truly irrational" standard to federal substantive due process claim). Waste Management's claims that the Commissioners enacted an ordinance "substantially inconsistent" with the state solid waste disposal law in violation of Rev. Stat. Mo. § 260.215.2 are merely claims of state law violations.   A violation of state law remains only a violation of state law and does not amount to the kind of "truly irrational" governmental action which gives rise to a substantive due process claim. Chesterfield, 963 F.2d at 1105.  Such is a matter primarily of concern to the state and is better addressed to state courts and administrative bodies. Id. at 1104. Thus, even if, as appellants contend, the ordinance is substantially inconsistent with state law and therefore without

-11-

basis in state law, appellants nevertheless fail to state a federal substantive due process claim and dismissal was proper.

Alternatively, assuming the Commissioners had valid authority to pass the ordinance, Waste Management argues that the arbitrary, capricious and irrational nature of the ordinance is manifested in several ways. They allege that the Commissioners "initiated the ordinance process based on the ardent but unreasoned concerns of 'safety' voiced by the organized opposition to the expanded landfill." They also contend that the commissioners abdicated their legislative responsibilities to the opposition group and to attorney Berkemeyer and civil engineer Frankenberg by relying on their expert advice in drafting the ordinance. Moreover, Waste Management argues that the ordinance was passed without due regard to the state solid waste disposal laws and that the Commissioners lacked any education, background, or knowledge regarding landfills, geology, hydrology, and financial statements and could not articulate how the ordinance advances the safety or well-being of the citizens of Gasconade County. They argue that the ordinance is arbitrary and unreasonable on its face because no scientific basis exists to suggest that its provisions further any legitimate public interest. They also claim that the ordinance was prompted solely by public opposition to their expansion plans and not by any articulable legitimate health or safety issue, and that it was enacted merely to "deep-six" their expansion plans. As a result of this process, they argue, the ordinance provisions ultimately

enacted were arbitrary and capricious and not related to a legitimate public interest.

The means by which an ordinance comes to pass, however, is irrelevant to the question of whether the substance of the ordinance is constitutionally infirm on its face. Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield, 907 F.2d 239 (1st Cir. 1990). Suing under 42 U.S.C. § 1983, the plaintiffs in Smithfield brought a facial attack on a new zoning ordinance claiming, *inter alia*, that the city violated their substantive due process rights by enacting the ordinance. Id. at 241. The ordinance in question transformed over one half the land in the town into non-conforming uses and converted land formerly zoned commercial or industrial into residential even though residential use was allegedly incompatible with the existing uses in the immediate vicinity. Id. The plaintiffs argued that the ordinance was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, moral, or general welfare." Id. They based their claims of arbitrariness primarily on allegations that the ordinance was not grounded in the necessary planning and analysis, by and with the participation of experts in the field. Id. at 245. Moreover, the plaintiffs alleged that the goals and ends of the ordinance "[were] not legitimate goals and [did] not serve a legitimate governmental purpose." Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield, 719 F.Supp. 75, 82 (D.R.I. 1989). They asserted that "the express and implied

-13-

intent" of the ordinance was "to exclude multifamily residences, industry and commercial establishments and low or moderate income housing [and] to prohibit growth and reduce the population of Smithfield." Id.  In affirming the district court's dismissal of plaintiffs' complaint for failure to state a claim, the appeals court held that "due process does not require a legislative body to perform any particular studies or prepare any particular analysis to justify its decisions." Smithfield, 907 F.2d 245. Legislative bodies are given broad latitude in their legislative determinations, "and it is not the province of the courts to monitor the inputs into each legislative decision." Id. Similarly, "the 'true' purpose of the ordinance, (i.e., the actual purpose that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis." Id. at 246.  In adjudicating facial substantive due process challenges to a zoning or land use ordinance, we do not inquire into the methods and motives behind its passage.  We ask only whether a conceivable rational relationship exists between the ordinance and legitimate governmental ends. Id. at 244.  If so, the ordinance will stand.  We find as a matter of law that such relationship exists in this case and thus hold that the district court properly dismissed appellants' substantive due process claim for failure to state a claim.

II.  Bill of Attainder

-14-

The Constitution provides that: "No State shall . . . pass any Bill of Attainder." U.S. Const. art. I, § 10, cl.1.  A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protection of a judicial trial." <u>Nixon v. Administrator of General Services</u>, 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867 (1977); *See also* <u>Ambassador Books & Video v. Little Rock Arkansas</u>, 20 F.3d 858, 865 (8th Cir. 1994), *cert. denied*, 115 S.Ct. 186 (1994).  The district court found that the ordinance neither singles out nor punishes Waste Management for operating a landfill.  On appeal Waste Management argues that the ordinance is an unconstitutional bill of attainder because it was enacted specifically to punish them by preventing their pursuit of a lawful business - expansion of the existing landfill.  They maintain that because they were the only entity permitted by the DNR to operate a sanitary landfill in Gasconade County, and because they were the only entity that had filed an application with the DNR to operate an expanded landfill, the ordinance sufficiently singled them out enough to trigger the Bill of Attainder Clause.  Waste Management also argues that by imposing requirements far more onerous than those dictated by state law, the ordinance is unduly burdensome and excessive and constitutes a penalty in the form of barring Waste Management from pursuing a lawful business.  We disagree.

"The singling out of an individual for legislatively prescribed punishment constitutes an attainder whether the

-15-

individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons." Communist Party of the United States v. Subversive Activities Control Board, 367 U.S. 1, 86, 81 S.Ct. 1357, 1405, 6 L.Ed.2d 625 (1961). The ordinance in no way names Waste Management as the target of its provisions. Nor do we agree that the ordinance designates Waste Management singularly because it is the only entity which has operated a landfill in the past and is the only entity currently pursuing a project for which a permit is required under the ordinance. An ordinance is not made an attainder by the fact that the activity it regulates is described with such particularity that, in probability, few organizations will fall within its purview. Id. at 88, 81 S.Ct. at 1406. Rather than attaching to a specified organization, the ordinance attaches to described activities in which an organization may or may not engage. Id. at 86, 81 S.Ct. at 1405. "Legislatures may act to curb behavior which they regard as harmful to the public welfare, whether that conduct is found to be engaged in by many persons or by one." Id. at 88, 81 S.Ct. at 1406. By requiring permits before one may collect, transport, process, store, and dispose of solid waste in the county, the ordinance in this case regulates certain activities which can pose serious hazards to the public welfare. It does not single out Waste Management, and therefore can not be characterized as a bill of attainder.

Moreover, the ordinance is not punitive in nature.    There are three necessary inquiries regarding whether the ordinance inflicts forbidden punishment: an historical test, a functional test, and a motivational test. Nixon, 433 U.S. at 473-78, 97 S.Ct. 2805-08; *See also* Selective Service System v. Minnesota Public Interest Research Group, 468 U.S. 841, 847, 104 S.Ct. 3348, 3355, 82 L.Ed.2d 632 (1984).  Historically, bills of attainder were used to impose punishment upon designated individuals or groups in the form of:  death, imprisonment, banishment, punitive confiscation of property, and bars to participation in specific employments or vocations. Nixon, 433 U.S. at 473-74, 97 S.Ct. at 2805-06.  Waste Management maintains that by limiting landfills to a final elevation of no more than 25 feet above the highest natural ground elevation within one-half mile of the site, the ordinance will serve to "bar" them from operating the expanded landfill "as designed",[7] and will render the operation economically unfeasible.  However, "[s]o long as the incidence of legislation is such that the persons who engage in it . . . can escape regulation merely by altering the course of their present activities, there can be no complaint of attainder." Communist Party, 367 U.S. at 88, 81 S.Ct. at 1406.  As the district court correctly noted, even though the effect of the ordinance may be to derail Waste Management's expansion plans, it does not prevent them from operating a landfill in Gasconade County.  Although appellants will not "escape

---

[7]Waste Management had planned to raise the final elevation of the landfill to a maximum of 136 feet.

-17-

regulation" altogether, they are not foreclosed from altering their plans to come into compliance with the ordinance and thereby obtain a permit to operate the landfill.  They are therefore not barred from participation in their chosen business pursuits; and they do not meet the historical test for punishment under the Bill of Attainder Clause.

Similarly, the ordinance is not functionally punitive because, "when viewed in terms of the type and severity of burdens imposed, [the ordinance] reasonably can be said to further nonpunitive legislative purposes." Nixon, 433 U.S. at 475-76, 97 S.Ct. at 2806-07.  As the district court correctly observed:

> The Amended Ordinance on its face purports to regulate the handling of solid wastes and includes provisions designed to consider the impact of the permit applicant's proposed operations on the health and safety [and welfare] of the community. *Gasconade County Solid Waste Management Ordinance* § 2.5.  It requires permit applicants to supply the Gasconade County Commission with detailed information on the proposed activity involving the storing, collecting, transporting, processing or disposing of solid, liquid, hazardous or special waste within the county. Id.§ 2-4. It requires financial assurances to protect local parties who might be injured by the proposed activities. Id. § 4.  In addition, it provides for limits on permit terms, periodic reviews, public notices and hearings, procedures for the revocation or suspension of permits and penalties for violations. Id. § 6, 8.  The Amended Ordinance instructs aggrieved applicants of their appeal rights under Missouri law. Id. § 2.9.

Also, inasmuch as some of the Commissioners expressed concerns for blowing dust and litter and the integrity of the subgrade below the proposed landfill, the 25 foot height restriction can be said to further a nonpunitive legislative purpose as well. We agree that the ordinance is quite onerous and perhaps much more stringent than the state solid waste disposal laws. However, "[f]orbidden legislative punishment is not involved merely because the ordinance imposes burdensome consequences." Nixon, 433 U.S. at. 472, 97 S.Ct. at 2805. Rather, the question is whether the ordinance inflicts punishment within the constitutional proscription against bills of attainder. Id. In this regard, we agree with the district court burdens placed on permit applicants, in light of the legislative purposes behind the ordinance of protecting health, safety, and welfare, are not punishment as prohibited by the Bill of Attainder Clause under the functional test.

Finally, the ordinance is not punitive under the motivational test. Undoubtedly Waste Management's application to expand the existing landfill stirred the commissioners' interest in regulating landfill operations within their county. However, as the district court correctly noted, the fact that appellants' expansion efforts turned the lawmakers' attention to the issue of local environmental regulation does not make any subsequent tough environmental legislation a bill of attainder. The Commissioners have the authority to enact a solid waste disposal ordinance even "more stringent than" the state solid waste disposal laws. Rev.

-19-

Stat. Mo. § 260.215.2.  That is precisely what they did.  There is no evidence the Commissioners intended to punish Waste Management by enacting the ordinance.  We agree with the district court that Waste Management's allegations do not rise to the level of suggesting an intent to punish appellants for any past wrongdoings.[8] Nixon, 433 U.S. at 478, 97 S.Ct. at 2808.  Waste Management's bill of attainder was properly dismissed for failure to state a claim.

The order of the district court dismissing the complaint for failure to state a claim and dismissing appellants' state law claims for lack of jurisdiction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[8]Indeed, appellants do not argue that the ordinance punishes them for their past conduct in operating a landfill.  Rather, they claim the ordinance was designed to stop their plans for future expansion of the landfill.

-20-