————————

No. 96-2164
————————

Oren Gene Gamble, Sr.,                    *
                                          *
          Appellant,                      *
                                          *
     v.                                   *    Appeal from the United States
                                          *    District Court for the
Mike Kemna; Tony Gammon; Ellis            *    Western District of Missouri.
McSwain; Dean Minor; Darrin               *          [UNPUBLISHED]
Morgan,                                   *
                                          *
          Appellees.                      *

————————

            Submitted:  January 31, 1997

              Filed:  February 5, 1997
————————

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
————————

PER CURIAM.


     Former Missouri inmate Oren Gene Gamble, Sr., appeals from the final
order entered in the district court[1] granting defendants summary judgment
in his 42 U.S.C. § 1983 action.  We affirm.


     Gamble filed this action while he was an inmate at the Western
Missouri Correctional Center (WMCC) against WMCC Superintendent Mike Kemna,
WMCC officials Ellis McSwain and Darrin Morgan, Moberly Correctional Center
(MCC) Superintendent Tony Gammon, and MCC caseworker Dean Minor.  As
relevant, Gamble claimed that defendants retaliated against him for his
past legal actions against them by failing to process and then denying his
furlough request.  Gamble also claimed that Gammon and Minor retaliated
against him by refusing to submit his request for transfer to the minimum
security

———————————————

     [1]The Honorable Howard F. Sachs, United States District Judge
for the Western District of Missouri.

unit (MSU) at MCC, and instead transferring him to WMCC.

In support of his furlough claim, Gamble submitted a memorandum from caseworker Douglas Prudden to Kemna justifying furlough for Gamble but stating that Gamble was "fond of filing grievances and lawsuits . . . in an attempt to intimidate staff into giving him" the privileges he sought. As to his transfer claim, Gamble asserted that Gammon told him he was not going to allow Gamble to transfer to MSU because Gammon did not need people there who would "buck the system" as Gamble did.  Gamble submitted his own affidavits attesting that defendants' motive was retaliation, that Gammon made the statement to him, and that WMCC and MCC officials told him he might get more privileges if he had not filed lawsuits and grievances.

Defendants submitted a memorandum Kemna wrote when he denied Gamble's furlough stating that the denial was based on Gamble's previous conduct violation for Inciting to Riot.  They also submitted Kemna's affidavit stating that he did not retaliate against Gamble for his litigation activities and that the conduct violation was the reason for the denial. Defendants argued that Gamble's custody classification made him ineligible for transfer to MSU, and they submitted documents showing that Central Transfer Authority (CTA) official Jill McGuire made the decision to reclassify Gamble as a C-3 and transfer him to WMCC.

Upon learning that McGuire made the decision to transfer him, Gamble requested that McGuire be added as a defendant, in that she was part of a conspiracy with defendants.  He also requested additional discovery on furlough-denial statistics and departmental policy regarding inmate classification following conduct violations, including deposition testimony of certain individuals.

The district court granted defendants summary judgment on both claims, denied Gamble's motion to add McGuire as a defendant, and

denied his motion for additional discovery.

We review a grant of summary judgment de novo, applying the same standard as the district court; summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

Gamble does not argue on appeal that any defendant other than Kemna was responsible for the denial of his furlough.  Gamble did not meet his substantial burden of proving that retaliation was the actual motivating factor merely by attesting that Kemna acted with a retaliatory motive.  See Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993) (retaliation must be the motivating factor), cert. denied, 114 S. Ct. 2684 (1994); Miller v. Solem, 728 F.2d 1020, 1025-26 (8th Cir.) (conclusory allegations of defendant's motive insufficient to withstand summary judgment), cert. denied, 469 U.S. 841 (1984).  Kemna's memorandum and affidavit, stating that he denied Gamble's furlough because Gamble had received a major conduct violation, provided a legitimate reason for the denial.  See Ponchick v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991) (finding that retaliatory motive was a factor is insufficient if adverse action would have occurred anyway for serious and repetitive misconduct).  As for Prudden's memorandum stating that Gamble was fond of filing grievances, Prudden was not a defendant in this action, and Kemna cannot be held vicariously liable for his statements.  See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).  Thus, the district court properly granted defendants summary judgment on this claim.

The district court also properly granted summary judgment to defendants on Gamble's transfer claim, because he did not show that defendants made the decision to transfer him.  We see no abuse of

-3-

discretion in the court's denial of leave to add McGuire as a defendant. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (standard of review); Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996) (leave to amend properly denied if summary judgment would be granted even with amendment). Even assuming that McGuire incorrectly decided to reclassify Gamble, Gamble made no showing of retaliatory motive for her actions and made only bare allegations of conspiracy. See Garza v. Carson, 877 F.2d 14, 17 (8th Cir. 1989); Anderson v. Douglas County, 4 F.3d 574, 578 (8th Cir. 1993), cert. denied, 510 U.S. 1113 (1994).

Finally, we conclude the district court did not abuse its discretion in denying Gamble's discovery request. See Miner v. United States, 94 F.3d 1127, 1130 (8th Cir. 1996).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.