# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1728
_____

John Pietsch; Arlan Irwin, as Trustee for the Albert and Grace Irwin Trust; Ward County Farm Bureau, a North Dakota Non-Profit Corporation; Ward County Farmer's Union, a North Dakota Non-Profit Corporation

*Plaintiffs - Appellants*

v.

Ward County, a Political Subdivision of the State of North Dakota; The Board of County Commissioners for Ward County, North Dakota

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: February 18, 2021
Filed: March 16, 2021
_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.
_____

BENTON, Circuit Judge.

Plaintiffs claim, under 42 U.S.C. § 1983, that Ward County's right-of-way dedication ordinance violates their procedural due process rights. The district court[1] dismissed their claims. **Pietsch v. Ward Cty.**, 446 F. Supp. 3d 513 (D.N.D. 2020). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Plaintiffs are two landowners (John M. Pietsch and trustee Arlan L. Irwin), the Ward County Farm Bureau, and the County Farmer's Union.[2] They seek to enjoin the requirement in the County's dedication ordinance that plats proposed along roads dedicate to the public sufficient rights-of-way to meet road width requirements. *See* **Exhibits A & B, Memorandum in Support of Summary Judgment** (No. 18-0023, D.N.D. May 1, 2019).

The landowners sought approval for plats without the required dedications. They applied for variances. The County Board of Commissioners considers variances through paper application or during a zoning board meeting. Variances may be approved based on "extraordinary hardship to the subdivider, because of unusual topography, or other such conditions [that] would result in retarding the achievement of the objectives of these [zoning] regulations." Variance decisions are recorded and stated in minutes of the County Commission.

Plaintiffs argue that the variance procedure violates the Due Process clauses of the Fifth and Fourteenth Amendments. (Plaintiffs do not raise a substantive due process claim on appeal.) The district court granted the County's motion for summary judgment. **Pietsch**, 446 F. Supp. 3d at 541.

---

[1]Honorable Peter D. Welte, United States District Court Judge for the District of North Dakota.

[2]Although the district court found standing for the Farm Bureau and Farmer's Union, 446 F. Supp. 3d at 528-30, this court need not address that issue in light of the disposition of this opinion.

"This court reviews de novo a grant of summary judgment." ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" ***Id.***, *citing* **Fed. R. Civ. P. 56(c)(2)**.

II.

Plaintiffs' arguments all assert that two Supreme Court decisions—*Dolan v. City of Tigard*, 512 U.S. 374 (1994) and *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987)—establish the procedural floor for ordinances about, and review of, zoning variances.

*Dolan* and *Nollan* both interpreted the Takings clause. *See* ***Koontz v. St. Johns River Water Mgmt. Dist.***, 570 U.S. 595, 604 (2013). Plaintiffs did not plead any Takings claim before the district court: "the Plaintiffs explicitly disavow that their amended complaint asserts any takings claims." ***Pietsch***, 446 F. Supp. 3d at 536.

Plaintiffs' due process and unconstitutional conditions claims are an impermissible attempt to recast a Takings claim. *See* ***Lingle v. Chevron U.S.A., Inc.***, 544 U.S. 528, 540, 546-48 (2005) (holding that a substantive due process inquiry has "no proper place" in Takings doctrine, while distinguishing *Nollan* and *Dolan* as a special application of unconstitutional conditions doctrine for Takings). *See also* ***Reno v. Flores***, 507 U.S. 292, 308 (1993) (rejecting substantive regulatory challenge rephrased as procedural due process). The Court affirmed this principle saying, "the analogy from the due process context to the takings context is strained." ***Knick v. Township of Scott***, 139 S. Ct. 2162, 2174, 2176 (2019) (also observing: "As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin government action effecting a taking").

Plaintiffs claim the County's dedication rules could result in an exaction, which would require consideration of nexus and proportionality. But this conflates takings and due process law. "Under *Nollan* and *Dolan* the government may choose whether and how a permit applicant is required to mitigate the impacts of a proposed development, but it may not leverage its legitimate interest in mitigation to pursue governmental ends that lack an essential nexus and rough proportionality to those impacts." **Koontz**, 570 U.S. at 606. *Koontz* authorizes a Takings claim, not a due process claim: "*Nollan* and *Dolan* 'involve a special application' of [unconstitutional conditions] doctrine that protects the Fifth Amendment right to just compensation for property the government takes when owners apply for land-use permits." **Id.** at 604. Plaintiffs thus have a remedy for unconstitutional exactions under the Takings clause. *See id.* at 605; **Pietsch**, 446 F. Supp. 3d at 520, 522, 538 (discussing alternative remedies). They cannot claim a redundant remedy under the due process clause. **Crown Point Dev., Inc. v. City of Sun Valley**, 506 F.3d 851, 855 (9th Cir. 2007) ("[T]he Fifth Amendment would preclude a due process challenge only if the alleged conduct is actually covered by the Takings Clause.").

The remaining issues are whether the challenged zoning ordinance was truly irrational and whether the County provided sufficient procedural due process. "Due process claims involving local land use decisions must demonstrate the government action complained of is truly irrational, that is something more than arbitrary, capricious, or in violation of state law." **Koscielski v. City of Minneapolis**, 435 F.3d 898, 902 (8th Cir. 2006) (cleaned up). The Court implicitly approved this test for due process challenges to zoning ordinances. *See* **Lingle**, 544 U.S. at 542 ("An inquiry of this nature has some logic in the context of a due process challenge, for a regulation that fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause."), 548-49 (Kennedy, J., concurring) (observing that arbitrariness due process review survives *Lingle*). The ordinance here promotes the government's interest in providing public roads and was not truly irrational. **Pietsch**, 446 F. Supp. 3d at 538, 540.

"In the zoning context, assuming a landowner has a protectible property interest, procedural due process is afforded when the landowner has notice of the proposed government action and an opportunity to be heard." *Anderson v. Douglas Cty.*, 4 F.3d 574, 578 (8th Cir. 1993). *See generally **Bituminous Materials, Inc. v. Rice Cty.***, 126 F.3d 1068, 1070 (8th Cir. 1997) (describing a legitimate claim to entitlement, rather than a "mere subjective expectancy" as "a protected property interest"). Since both Peitsch and Irwin received individualized notice and an opportunity to be heard on their variance applications, the County provided sufficient notice and opportunity for a hearing about their proposed uses. *See Anderson*, 4 F.3d at 578; ***Pietsch***, 446 F. Supp. 3d at 523-24, 538 (summarizing plaintiffs' notice and opportunity to be heard). *See generally **Mathews v. Eldridge***, 424 U.S. 319, 333-34 (1976).

The district court properly granted summary judgment for defendants.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____