WILLIAM J. (JACK) JONES INSURANCE TRUST, William J. (Jack) Jones and Helen G. Jones, Trustees, Plaintiff,

v.

The CITY OF FORT SMITH, ARKANSAS, a Municipal Corporation, Defendants.

Civ. No. 89–2085.

United States District Court, W.D. Arkansas, Fort Smith Division.

Feb. 15, 1990.

See also, D.C., 716 F.Supp. 11.

Michael K. Redd, Fort Smith, Ark., for plaintiff.

Wyman R. Wade, Jr., Fort Smith, Ark., for defendants.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Plaintiff applied to the city of Fort Smith ("City") for permission to build a convenience store to be associated with a gasoline station that plaintiff is already operating on Phoenix Avenue in the City. City officials responded that under the ordinances of the City they could give no such permission unless plaintiff granted the City an expanded right-of-way along the relevant property for street purposes. Plaintiff refused to make such a grant and brought this action under 42 U.S.C. § 1983 to enjoin the application of the relevant ordinances to these circumstances.

### I.

It is unnecessary to grope about in the half-light of penumbras or to resort to the idea of implied rights to find and identify the constitutional right plaintiff seeks to assert here. That right, made applicable to the states and its subdivisions by the Fourteenth Amendment, is contained in the Fifth Amendment's plain provision that the government cannot take property except for a public use and then only after providing just compensation. It is conceded on all sides that the easement demanded here in return for a building permit is for a public use since it will be used to widen Phoenix Avenue at some future date. It therefore remains only to inquire whether the easement is property and whether its taking must be compensated.

### II.

It would seem about as obvious as any legal proposition could be that an easement is an interest in property. It is true that the Supreme Court has drawn a distinction between reasonable governmental regulations or rules that merely affect land use, and thus value, on the one hand and ones that involve physical occupations on the other hand, holding that property is not taken in the former case but is in the latter.[1] Compare *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), with *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982). It is equally true that an easement, in the technical calculus of the common-law scheme of estates, has not been classified as a possessory interest. But a public right-of-way interferes in such a practical way with the fee owner's rights of use and enjoyment, that the argument that it does not give rise to a physical occupation would be virtually impossible to maintain. In fact, the Supreme Court in *Nollan v. California Coastal Commission,* 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), recently held directly that granting the public access to private property is a taking of property within the meaning of the Fourteenth Amendment.

---

**1.** That this distinction may be economically unsound does not relieve this court of its duty to apply it. *See Hall v. City of Santa Barbara,* 833 F.2d 1270, 1275 n. 13 (9th Cir.1986), *cert. denied,* 485 U.S. 940, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988).

It is nevertheless true that the condition which the City wishes to impose on the granting of the building permit in this case would be constitutional if the "condition at issue ... is reasonably related to the public need or burden that [the plaintiff's new construction] creates or to which it contributes." *Id.* at 838, 107 S.Ct. at 3148. In this case, the court believes that the *Nollan* ruling requires the City to show that plaintiff's planned expansion of its business will create additional burdens on the present public right-of-way along Phoenix Avenue. In other words, *Nollan* teaches that the City may constitutionally "tax" plaintiff to recoup the costs of the negative externalities that its increased business activities cause: Without a showing of such externalities, the condition which the City attaches to building permits is simple extortion. Perhaps it is not necessary for the City to show an exact, mathematical, one-to-one correspondence between increased burden and tax, though it is plain that any clearly disproportionate tax would run afoul of the Fifth Amendment.[2]

### III.

At a hearing held by the court to determine the relevant factual issue, plaintiff produced an expert civil engineer who testified that the additional burden on Phoenix Avenue created by plaintiff's planned expansion would be *de minimis* at most. One of the trustees of the plaintiff testified that he certainly hoped that the plaintiff's business would increase as a result of the expansion; but that increase, of course, would not have to translate into an increase of traffic on Phoenix Avenue. Indeed, there was testimony from which a reasonable fact-finder could conclude that the very purpose of convenience stores is to capture business from people who already regularly travel the routes on which such stores are situated, either to or from work or on other routinized business. It is true that increased traffic into and out of plaintiff's property will tend to increase congestion there, thus slowing traffic and perhaps contributing to the risk of accidents. But there was a showing that there were other convenience stores on Phoenix Avenue and near plaintiff's projected one, and so a reasonable fact-finder could conclude that whatever congestion or risk might be created by plaintiff's expansion would not be new but rather represents a redistribution of those costs from one locus on Phoenix Avenue to another.

For its part, the City produced credible testimony from its planners that convenience stores ordinarily had a certain and specific number of cars associated with them over a fixed period of time. The court does not doubt these data. But what the City could not show was what incremental traffic change, if any, could reasonably be expected from plaintiff's change in land use. This is, as the court has said, the critical inquiry.

### IV.

Perhaps it would have been open to the City to show that its planned extension of Phoenix Avenue would increase the value of plaintiff's property in order to show that plaintiff's damages are not as great as it claims. The City, however, made no attempt to introduce any such evidence, and it is therefore unnecessary for the court to rule on that issue at this time.

The City having failed to carry its burden, an injunction will issue ordering the City to issue the requested permit unconditionally.

---

**2.** For a brilliantly sustained and intellectually unrelenting elaboration of the relationship between the Fifth Amendment and taxes, *see* R. Epstein, *Takings* (1985).