No. 95-4070

Charles Goss,                          *
                                       *
                Appellant,             *
                                       *  Appeal From the United States
          v.                           *  District Court for the
                                       *  Eastern District of Arkansas.
City of Little Rock, Arkansas,         *
                                       *
                Appellee.              *

Submitted:  May 16, 1996

Filed:  July 23, 1996

Before BOWMAN, HEANEY, and WOLLMAN, Circuit Judges.

**HEANEY,** Circuit Judge.

Charles Goss filed suit asserting that by conditioning its approval
of plaintiff's rezoning request on his dedication of property, the City of
Little Rock (Little Rock) violated the Fifth and Fourteenth Amendments to
the United States Constitution and Article Two, § 22 of the Arkansas
Constitution.  The United States District Court dismissed the complaint.
We reverse.

BACKGROUND

In September 1971, Charles Goss purchased 3.7 acres located next to
a two-lane state highway in a rural, unincorporated area outside Little
Rock.  Goss has operated a convenience store, gas station, laundromat, and
car wash on the premises ever since.  In 1985, Little Rock annexed a
portion of its surrounding area that included the Goss property.  In
accordance with the city code, the

annexed area was classified by default as an "R-2" district for single-family residences. Under the city ordinances, Goss' business activity would be limited to "C-3" general commercial district zones; nevertheless, Goss was permitted to continue his operations pursuant to a nonconforming use exception.

Although Goss continues to utilize his property in the same commercial capacity in which it has been used for the past twenty years, he asserts that sale of his commercial enterprise and property is contingent on rezoning. (Jt. App. 31). In April 1993, Goss petitioned Little Rock to have his property rezoned as a "C-3" zone. In May, Little Rock's Staff and Planning Commission agreed to recommend to the Little Rock Board of Directors that the area be rezoned, but only on the condition that Goss dedicate a portion of his property to Little Rock for future expansion of the adjacent highway. The demanded dedication ran the entire length of Goss' property (633.68 feet) and 55 feet into the lot. The total acreage of the demanded dedication approximates eight-tenths of an acre, or twenty-two percent of the total property. Goss objected to the condition.

The Planning Commission finally submitted its recommendation for a conditional rezoning to the Board of Directors on February 21, 1995 along with a request by Goss to waive the dedication condition. The Planning Commission recommended that the Board deny the requested waiver. On February 21, 1995, the Board refused to rezone the property without the dedication. It reasoned that the Little Rock treasury would otherwise have to pay condemnation damages for the future road expansion. (Complaint ¶ 8).

On March 20, 1995, Goss filed suit in the United States District Court for the Eastern District of Arkansas alleging that the imposition of the dedication condition violated the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, § 22 of the Arkansas Constitution. On September 25, 1995, the

district court dismissed the suit for a failure to state a claim.  Goss now appeals.[1]

ANALYSIS

We review the district court's dismissal de novo.  Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  In considering a motion to dismiss, the court must construe the complaint liberally and assume all factual allegations to be true.  Id.  Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the seminal case Village of Euclid v. Ambler Realty Co., 272 U.S. 365 (1926), the Supreme Court has often affirmed the propriety of a state's utilization of its police powers to regulate land use.  See, e.g., Agins v. City of Tiburon, 447 U.S. 255 (1980); Penn Central Transp. Co. v. New York City, 438 U.S. 104 (1978).  The Court has specifically upheld the use of zoning laws to effectuate such regulation.  See Village of Euclid, 272 U.S. at 387.  The Court has cautioned, however, that there are constitutional limits on the exercise of this police power:  "[A] strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change."  Pennsylvania Coal Co. v. Mason, 260 U.S. 393, 413, 416 (1922).

Rezoning decisions are vested in the discretion of municipal zoning authorities and these legislative decisions are not subject to judicial scrutiny as to their providence.  Burns v. City of Des Peres, 534 F.2d 103, 108 (8th Cir. 1976) ("Courts are not to assume

---

[1]Appellee objects to the inclusion of certain items within the joint appendix.  Appellee's motion to strike those portions is hereby denied.

-3-

the role of a super zoning board.").  Notwithstanding the admonition that courts should not reverse a zoning commission merely because a contrary result may be permissible, id., courts must ensure compliance with minimal constitutional limitations.  To this end, the Supreme Court has held that "[t]he application of a general zoning law to particular property effects a taking if the ordinance does not substantially advance legitimate state interests or denies an owner economically viable use of his land."  Agins, 447 U.S. at 260.  We focus on the former: advancement of a legitimate state interest.

Little Rock contends that "the relationship between its regulatory action in denying the rezoning request and [Little Rock's] public health and safety concerns over regulating traffic that rezoning would likely entail is direct and substantial."  (Appellee's Br. at 18).  The Supreme Court has explicitly acknowledged the state interest in containing the effects of urbanization:

> Traditional land-use regulation (short of that which totally destroys the economic value of property) does not violate [the principle of the Compensation Clause] because there is a cause-and-effect relationship between the property use restricted by the regulation and the social evil that the regulation seeks to remedy.  Since the owner's use of the property is (or, but for the regulation would be) the source of the social problem, it cannot be said that he has been singled out unfairly.  Thus, the common zoning regulations requiring subdividers to observe lot-size and set-back restrictions, and to dedicate certain areas to public streets, are in accord with our constitutional traditions because the proposed property use would otherwise be the cause of excessive congestion.

Pennell v. City of San Jose, 485 U.S. 1, 20 (1988) (Scalia, J. dissenting); accord Agins, 447 U.S. at 261 & n.8.  Were Little Rock's regulatory action a simple denial of a rezoning request, we would agree.  This portrayal, however, oversimplifies and mischaracterizes Little Rock's action.

The Little Rock action in question was the underline conditioning of its approval of the rezoning request on the dedication by Goss of a portion of his property. The use of conditions in conjunction with the exercise of police powers has been the subject of a great deal of judicial attention. See, e.g., Nollan v. California Coastal Comm'n, 425 U.S. 825 (1987); Dolan v. City of Tigard, 114 S.Ct. 2309 (1994). This attention derives from the frank acknowledgement that states might use conditions in combination with the exercise of their discretionary power to elude the confines of the Constitution and accomplish what might otherwise be clearly impermissible.

In Nollan v. California Coastal Commission, the Supreme Court considered whether the California Coastal Commission could condition a rebuilding permit on the applicant's grant of a public-access easement across the property's beachfront. 425 U.S. at 834-37. The Court held that where a state could refuse an applicant's request pursuant to its police powers, it can also attach conditions to its approval so long as there is a nexus between the attached conditions and the justification for which the state might have prohibited the applicant's action. Id. at 836. The Court reasoned that "the Commission's assumed power to forbid construction of the house in order to protect the public's view of the beach must surely include the power to condition construction upon some concession by the owner, even a concession of property rights, that serves the same end." Id. In Nollan, the justification for denying a rebuilding permit--protection of the ocean view--would not have been advanced by the required easement; therefore, the condition was unconstitutional. Id. at 841.

Like Nollan, if Little Rock had simply required the dedication of Goss' property, rather than conditioning a rezoning application on its grant, it would have been a taking. Thus, the question is whether the condition was in response to a legitimate concern regarding the proposed rezoning or whether Little Rock was using

-5-

its police powers as leverage to extract the concession of a constitutional right--compensation for property taken.

The Court further elaborated its permissible condition analysis in Dolan v. City of Tigard, 114 S. Ct. 2309 (1994).  In Dolan, a city planning commission granted a permit to develop the applicant's property subject to the condition that the applicant dedicate portions of her property toward the improvement of the area drainage system and a pedestrian/bicycle pathway.  114 S.Ct. at 2313.  The required dedications were part of a community development code.  Id.  In contrast to Nollan, in Dolan the Court found that a nexus between the legitimate state interest--commercial development resulting in more runoff and higher traffic concentrations--and the conditions imposed on the permit.  In addition to the requisite nexus, the Court went on to require that the city[2] demonstrate that the degree of the extractions demanded in the condition bears "rough proportionality" to the projected impact of the applicant's request.  Id. at 2318-20.  This requirement ensures that the conditioning of a discretionary benefit does not force "some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole" in violation of the Just Compensation Clause.  Pennell, 485 U.S. at 9 (quoting First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 318-19 (1987)).

Given that the allegation of facts might entitle relief in this case, dismissal of this action was inappropriate.  The record suggests that Little Rock's staff based its condition on a concern

---

[2]Although the property owner carries the burden of proving that the imposition of the regulatory action violates constitutional norms in cases evaluating most generally applicable zoning regulations, see Keystone Bituminous Coal Ass'n v. DeBenedictus, 480 U.S. 470 (1987), in cases where a city makes an adjudicative decision to condition petitioner's application on an individual parcel, the burden properly rests on the city. Dolan, 114 S.Ct. at 2320 n.8.

that a different, heavy traffic-producing business could be erected on the property if rezoned.[3]  The sparsity of the record, however, does not permit an inquiry by this court into the existence of the required nexus or, if a nexus exists, whether the demanded dedication bears some rough proportionality to the projected impact of the proposed rezoning. Therefore, we reverse the district court's dismissal and remand it for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]The fact that the current use of the property is "C-3" undercuts the claim that a different "C-3" business, developed in place of the present enterprise, might add to the traffic burden. Cf. W.J. Jones Ins. Trust v. Fort Smith, Ark., 731 F. Supp. 912, 914 (W.D. Ark. 1990) (addition of convenience store to a gas station would have a de minimis impact on traffic burden).