**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3046

_____

|  |  |  |
|---|---|---|
| Casa de Cambio Comdiv, S.A. De C.V., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| District | | |
| v. | * | Court for the District of Minnesota. |
| | * | |
| Federal Reserve Bank, of Minneapolis, | * | |
| | * | |
| Appellee. | * | |
| ---------------------------------------- | | * |
| United States of America, | * | |
| | * | |
| Amicus Curiae. | * | |

_____

Submitted: March 10, 1997
Filed: June 12, 1997

_____

Before WOLLMAN, and BEAM, Circuit Judges, and LAUGHREY,[1] District Judge.

_____

BEAM, Circuit Judge.

_____

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

Casa de Cambio Comdiv, S.A. De C.V. (Casa) appeals the district court's[2] order dismissing its action against the Federal Reserve Bank of Minneapolis (FRBM). We affirm.

## I. BACKGROUND

Casa is a Mexican corporation engaged in international currency transactions. FRBM is one of twelve regional member banks in the Federal Reserve System, the nation's central banking system. See 12 U.S.C. § 221-22. FRBM processes more than one million checks per day, including checks issued by the United States Treasury.

On October 29, 1993, Genaro Alvarez went to Casa to cash a United States Treasury check in his name, in the amount of $1,165,000.00. After confirming that the man was indeed Alvarez, Casa forwarded the check to its United States bank, Norwest Bank Minnesota, N.A. (Norwest). Norwest then sent the check to FRBM and received credit for the entire amount. After it found that FRBM had credited Norwest for the amount of the check, Casa made payment to Alvarez on November 5, 1993.

Almost three months later, on February 1, 1994, the Treasury determined the check was forged and reclaimed the money previously credited to Norwest's account. Norwest, in turn, debited Casa's account for the amount of the check. As a result, several of Casa's own checks were dishonored for insufficient funds and it lost customers. Not surprisingly, neither Alvarez nor the proceeds of the check have been located.

On October 27, 1995, Casa filed this action against FRBM. Casa alleged that FRBM was negligent first in processing and then in reversing charges on the Alvarez

---

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

check. FRBM moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. FRBM argued that, as a matter of law, it was not negligent in handling the Alvarez check. The district court agreed and dismissed the action. Casa appeals.

## II. DISCUSSION

We review the district court's dismissal under Rule 12(b)(6) de novo, taking as true the factual allegations in the complaint. Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996). To establish FRBM's negligence, Casa must show: (1) a duty; (2) a breach of that duty; (3) a causal connection between the breach and injury; and (4) injury in fact. Satterlund v. Murphy Bros., Inc., 895 F. Supp. 240, 243 (D. Minn. 1995). "In this context, a duty is an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." Id. (quotations omitted). The existence of a duty is a question of law for the court to determine. Id. Under these standards, we hold that, as a matter of law, Casa cannot establish a duty on the part of FRBM and, thus, cannot show that FRBM was negligent in its handling of the Alvarez check.

FRBM had no duty to inspect Treasury checks for forgery or other defects. Federal regulations make clear that upon receiving a Treasury check for processing, FRBM "shall" give immediate credit for it, subject to examination and payment by the Treasury. 31 C.F.R. § 240.9(a)(3)(ii). Casa admits as much but nevertheless argues that FRBM was negligent in failing to exercise ordinary care in processing the check. Although FRBM is charged with the exercise of ordinary care in handling checks, see, e.g., 12 C.F.R. § 210.6(a)(1), there is no authority to support Casa's argument that such care includes the detection of forged checks.

Casa's only support for its position is a series of letters issued by the Treasury to the Federal Reserve Banks, directing them to inspect checks bearing specifically

enumerated indicia of forgery.  Even assuming that such letters could establish FRBM's duty to inspect millions of circulating checks, a doubtful proposition, the letters were written more than a year after FRBM processed the Alvarez check.  Additionally, because the enumerated indicia of forgery were not present on the Alvarez check, the Treasury letters would not have directed FRBM's attention to the Alvarez check.

Furthermore, FRBM did not breach any duty in reversing the charges on the Alvarez check after the Treasury determined it was forged.  Federal regulations provide that when the Treasury refuses payment on a check, the Treasury may return the check.  31 C.F.R. § 240.9(a)(iv).[3]  At that time, the Federal Reserve Banks "shall give immediate credit therefor in the United States Treasury's account, thereby reversing the previous charge to the account for such check."  Id.  FRBM followed this mandatory procedure in processing the Alvarez check.  In so doing, it did not act negligently.

Finally, we find no abuse of discretion in the district court's denial of FRBM's motion for Rule 11 sanctions.  Fed. R. Civ. P. 11; see, e.g., Pope v. Federal Express Corp., 49 F.3d 1327, 1328 (8th Cir. 1995) (reviewing district court's Rule 11 sanction decision for abuse of discretion).  Consequently, we affirm that denial.  We have considered the remainder of Casa's arguments and find them to be without merit.

## III.  CONCLUSION

Finding that the district court properly dismissed this action and denied FRBM's motion for Rule 11 sanctions, we affirm.

---

[3]Similar regulations give the Treasury up to one year in which to reclaim money paid on a forged check.  31 C.F.R. § 240.6(d).

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.