United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 95-3533
_____

| | | |
|---|---|---|
| Teamsters National Freight | * | |
| Industry Negotiating Committee, | * | |
| on behalf of Teamster Local | * | |
| Union Nos. 116, 120, 123, 346, | * | |
| and 544, and on behalf of all | * | |
| Teamster represented employees | * | |
| of Midwest Motor Express, Inc., | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| MME, Inc.; Midwest Motor Express | * | |
| Inc.; Midnite Express, Inc.; John | * | |
| T. Roswick; Richard N. Roswick; | * | |
| W.J. Greenstein; Raymond J. | * | |
| Patton; James F. Greenstein; | * | |
| Lambert L. Glatt; Jodi L. Kary; | * | |
| Daniel Zeller; E.J. Roswick; | * | |
| Nels Roswick; John H. Roswick; | * | |
| Marlin Kling, | * | |
| | * | |
| Defendants-Appellants. | * | |

_____

Submitted: October 22, 1996

Filed: June 27, 1997
_____

Before FAGG, HEANEY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Midwest Motor Express and other defendants appeal the district court's decision denying their Federal Rule of Civil Procedure 11 motion for sanctions against the plaintiff. We affirm.

Plaintiff filed this civil RICO suit alleging the defendants conspired to commit a pattern of racketeering activities in violation of 18 U.S.C. § 1962(a), (c), and (d); the alleged predicate acts included embezzlement, theft, and mail and wire fraud.

The defendants moved to dismiss arguing, inter alia, that plaintiff failed to adequately plead the predicate acts of mail and wire fraud. See Fed. R. Civ. P. 9(b) (circumstances constituting fraud must be stated with particularity). The defendants also moved for Rule 11 sanctions, alleging that the plaintiff filed the complaint for an improper purpose (harassment), made allegations without evidentiary support, and made legal arguments not warranted by existing law or nonfrivolous arguments for extension, modification, or reversal of existing law. In response, the plaintiff asserted that it intended to establish the defendants' fraudulent scheme through discovery and that its allegations of fraud were sufficient for a RICO case. Plaintiff urged denial of the Rule 11 sanctions, asserting that counsel was acting in a good faith effort to extend existing law.

The district court dismissed the plaintiff's complaint, reasoning that the plaintiff had failed to allege the essential elements of mail and wire fraud as required by Rule 9(b) and that fraud and embezzlement claims based on state law were not included in the RICO definition of racketeering under 18 U.S.C. § 1961. While noting that it had

-2-

"come within millimeters of granting" the defendants' request for sanctions, the court denied the motion.

On November 8, 1996, while retaining jurisdiction of this appeal, we entered an order remanding this case to the district court for the limited purpose of requesting the court to certify its reasons for denying the defendants' motion for Rule 11 sanctions. In response, the district court explained:

> The Court's thinking in this case was that both parties are big boys. They engaged in protracted, and often contumacious litigation. Each side used every arrow in their respective quiver. After reviewing all of the equities and the totality of circumstances, the Court believes no one should be rewarded or punished for its advocacy in this case.

(Dist. Ct. Mem., Dec. 10, 1996.) The district court stated that it rejected the defendants' argument that the dismissal of the plaintiff's complaint was a "virtual presumptive justification for Rule 11 sanctions," and the court stated that its references in the initial order to the parties' "lengthy and nasty history" did not necessarily lead to the conclusion that the plaintiff had "nefarious, evil and sanctionable intent in bringing this action." (Id.)

We review a district court's denial of Rule 11 sanctions for an abuse of discretion. See Cooter & Gell v. Hartmarx, Corp., 496 U.S. 384, 405 (1990); Casa de Cambio Comdiv, S. A. De C.V. v. Federal Reserve Bank of Minneapolis, No. 96-3046, 1997 WL 312445, *2 (8th Cir. June 12, 1997). Where the sanction issue "is not free from doubt," we afford the judgment of the district court great deference. Pope v. Federal Express Corp., 49 F.3d 1327, 1328 (8th Cir. 1995) (internal quotations omitted). While we do not condone the district court's rather perfunctory generalized response to our specific remand instructions, and we urge the court to take such instructions more seriously in the future, we nonetheless find no abuse of discretion in the district court's denial of Rule 11 sanctions, as our review of the record reflects that

the district court adequately considered the relevant factors and all the arguments before it.

Accordingly, we affirm the judgment of the district court. Defendants' motion for clarification of the record is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.