# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2652

_____

| | | |
|---|---|---|
| Charles Goss, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| City of Little Rock, Arkansas, | * | |
| | * | |
| Appellant. | * | |

_____

No. 97-2790

_____

| | | |
|---|---|---|
| Charles Goss, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of Little Rock, Arkansas, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 11, 1998
Filed: August 10, 1998

_____

Before BOWMAN, Chief Judge, HEANEY, and HANSEN, Circuit Judges.

_____

BOWMAN, Chief Judge.

Charles Goss owned 3.7 acres in the city of Little Rock, Arkansas. Little Rock's zoning laws classified Goss's property as residential. In 1993, Goss filed an application requesting that the city rezone his property as commercial. Little Rock's Planning Commission recommended that the City Board of Directors approve Goss's request only if Goss would dedicate to the city 22 percent of his property to be used for the expansion of an adjacent highway. Goss did not agree to this condition, and the City Board denied his application for rezoning.

Goss then sued Little Rock in the District Court,[1] alleging that Little Rock's requirement that he dedicate to the city part of his property as a condition of the city's approving his rezoning application constituted a taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article Two, § 22 of the Arkansas Constitution. The District Court dismissed Goss's suit for failure to state a claim upon which relief can be granted, and Goss appealed. In Goss v. City of Little Rock, 90 F.3d 306, 310 (8th Cir. 1996), we reversed the District Court. We held that, depending on the facts, Goss might be entitled to relief, and we remanded the case to the District Court for determination of whether Little Rock's dedication requirement constituted a taking. On remand, after trying the case the District Court held that the dedication requirement did constitute a taking, and the court therefore ordered Little Rock to rezone Goss's property without the dedication requirement. The District Court also held that Goss was not entitled to compensatory or punitive damages or attorney fees. Little Rock now appeals the District Court's judgment that the dedication requirement was a taking, and Goss appeals the denials of compensatory damages and attorney fees.

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Little Rock makes two arguments that it made the first time this case was on appeal: that the District Court and this Court lack jurisdiction over this case and that the Supreme Court's decision in <u>Dolan v. City of Tigard</u>, 512 U.S. 374 (1994), does not apply. The time to make these arguments has come and gone. We rejected both contentions the first time Little Rock made them. Indeed, we remanded with instructions to the District Court to apply <u>Dolan</u> in determining whether the dedication requirement was a taking. <u>See</u> <u>Goss</u>, 90 F.3d at 309-310. Having rejected Little Rock's arguments before, we will not reconsider them now.

We turn now to the question of whether the dedication requirement constituted a taking. We begin by noting that if Little Rock had simply required Goss to grant the city part of his land, without agreeing to rezone his property in exchange, then this clearly would have been a taking. <u>See</u> <u>Goss</u>, 90 F.3d at 309. Little Rock, however, imposed the requirement not absolutely but rather as a condition of declining to exercise its legitimate interest in denying Goss's rezoning application. In our previous opinion, we examined the law governing such conditions. To summarize, in <u>Nollan v. California Coastal Commission</u>, 483 U.S. 825, 836-37 (1987), the Supreme Court held that a condition does not constitute a taking if there is a nexus between the condition and the government's legitimate interest in preventing the proposed development. The Supreme Court refined this test in <u>Dolan</u>, holding that the government must prove that the condition bears "rough proportionality" to the likely impact of granting the applicant's request. <u>Dolan</u>, 512 U.S. at 391. In our first opinion, we instructed the District Court to apply the tests set forth in <u>Nollan</u> and <u>Dolan</u> in determining whether the dedication requirement constituted a taking. <u>Goss</u>, 90 F.3d at 309-10.

Applying <u>Nollan</u> on remand, the District Court held that there was a nexus between the dedication and the city's interest in declining to rezone Goss's property--an interest in preventing increased traffic that could result from rezoning the property as commercial. The District Court's conclusion is correct: the dedication could alleviate the problems associated with increased traffic if it were used, as planned, to expand the

highway adjacent to Goss's land.  Applying <u>Dolan</u>, the District Court held that Little Rock had not met its burden of proving that the dedication was roughly proportionate to the impact that the proposed rezoning would have on traffic.  The court found that Little Rock's assessment of the impact of rezoning was too speculative because that assessment was based on traffic that could, as said by the city's witness, "conceivably" be generated at some unknown point in the future if a strip mall were erected on Goss's land, although there are no plans to build a strip mall on the property and there is no reason to expect one to be built.  Little Rock's Appendix at 85.  The District Court concluded that Little Rock had failed to comply with <u>Dolan's</u> requirement that the government make an "individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development." <u>Dolan</u>, 512 U.S. at 391.  The District Court therefore held that the dedication requirement constituted a taking.

Little Rock does not respond to the District Court's conclusion that it failed to carry its burden of proving rough proportionality between the dedication and the impact of the proposed rezoning.  Instead Little Rock makes several arguments that have nothing to do with rough proportionality.  Perhaps Little Rock takes this course because of its belief that <u>Dolan</u> is irrelevant to this case.  If so, that is unfortunate for the city because, as discussed above, the argument that <u>Dolan</u> does not apply is foreclosed by our contrary decision in the previous appeal.  At any rate, Little Rock's arguments, which we will briefly discuss, do not help its case.  Little Rock argues that it had a legitimate reason for demanding the dedication.  This is true, but it does not prove that the legitimate reason was proportionate to the demand.  Little Rock argues that the land it required Goss to dedicate is worth less than Goss maintains.  Whether or not this is true, it does not show that the value of the land is proportionate to the impact that rezoning would have on traffic.  Finally, Little Rock asserts that it did not violate Goss's substantive due process rights.  Substantive due process, however, has nothing to do with this Takings Clause case.  In sum, Little Rock has given us no reason to question the District Court's well-reasoned conclusion that the city failed to prove rough

proportionality. We therefore affirm the District Court's judgment that the dedication requirement constituted a taking.

Next we consider the question of remedy. The District Court ordered that, because the dedication requirement was a taking, Little Rock must rezone Goss's property without the requirement. We reverse this order. As discussed above, Little Rock has a legitimate interest in declining to rezone Goss's property, and the city may pursue that interest by denying Goss's rezoning application outright, as opposed to denying it because of Goss's refusal to agree to an unconstitutional condition, as the city did here.[2] See Nollan, 483 U.S. at 835-36 (stating that the government may deny the applicant's request outright if it has a legitimate interest in doing so). Since Little Rock may deny Goss's rezoning application outright, it may seem that we are awarding Goss a purely Pyrrhic victory. That, however, is not entirely so. Because Little Rock violated Goss's constitutional right, Goss is at least potentially eligible for damages and attorney fees, the issues to which we now turn.

First Goss contends that the District Court erred in denying him compensatory damages. Goss argues that Little Rock's failure to rezone his property without the dedication requirement prevented him from selling the property, thereby costing him

---

[2]Little Rock argues that, because it denied Goss's rezoning application and thus did not alter the status quo ante, it cannot possibly have taken Goss's property without just compensation. We disagree. It is true that this case differs from Nollan and Dolan in that in each of those cases the government granted the applicant's request subject to the unconstitutional condition, see Nollan, 438 U.S. at 828; Dolan, 512 U.S. at 379, whereas in this case Little Rock denied Goss's request because Goss would not agree to the condition. This distinction, however, is a mere technicality that does not save Little Rock's action from constituting a taking. What Little Rock did amounted to granting Goss's request subject to the dedication requirement. Little Rock's Planning Commission recommended that the City Board of Directors do exactly that. Then, because Goss would not agree to the condition, the City Board denied his request. In essence, this was no different from what transpired in Nollan and Dolan.

$265,000.  As we just discussed, however, Little Rock was not legally required to rezone Goss's property.  Accordingly, Goss is not entitled to damages on account of Little Rock's failure to do so.  The District Court thus did not err in denying Goss compensatory damages.

As an alternative reason for affirming the District Court's denial of compensatory damages, we note that the District Court found that Goss had failed to prove that he could have sold his property had Little Rock rezoned it without the dedication requirement.  That finding is not clearly erroneous.  Goss maintains that he had entered into a contract to sell his property to his son and his son's business partner and that they would have closed the deal but for the city's failure to rezone the property.  Goss acknowledges, however, that this purported "contract" was merely an oral agreement.  Under the Arkansas Statute of Frauds, oral agreements for the sale of land are generally unenforceable.  See Ark. Code Ann. § 4-59-101(a)(4) (Michie Replacement 1996).  An oral agreement for the sale of land may be enforceable if its formation and performance are proven by clear and convincing evidence.  See Langston v. Langston, 625 S.W.2d 554, 556 (Ark. Ct. App. 1981).  While Goss presented some evidence of the agreement's formation, he presented no evidence whatsoever that any part of the alleged agreement was enforced.  Indeed, all three parties to the alleged contract testified that Goss was never paid any earnest money.  Thus the District Court did not clearly err in concluding that Goss had not entered an enforceable contract to sell his property and that, accordingly, Little Rock did not prevent Goss from consummating the sale.

Goss also argues that the District Court erred in denying him attorney fees.  Under 42 U.S.C. § 1988(b) (1994), district courts have discretion to award attorney fees to a prevailing party "[i]n any action or proceeding to enforce a provision of [several civil rights statutes including 42 U.S.C. § 1983 (1994)]."  Section 1983 provides that a person who, acting under color of state law, violates another person's constitutional rights is liable to the person whose rights he violates.  In this case Goss

proved the elements of § 1983: he proved that Little Rock, acting under color of state law, violated his constitutional right not to have his property taken without just compensation. Goss, however, did not cite § 1983 in his complaint or in any argument before the District Court. Instead he cited the Constitution itself as the basis of his lawsuit. The District Court acknowledged that Goss had proven a § 1983 claim. Nevertheless, because Goss did not bring suit explicitly under § 1983, the District Court held that Goss's suit was not "a proceeding to enforce" § 1983 within the meaning of § 1988(b) and that, accordingly, Goss was ineligible for attorney fees. We review the District Court's decision on this question of law de novo.[3]

This is the first time our Court has considered this question. We conclude that Goss's suit is a "proceeding to enforce" § 1983 within the meaning of § 1988(b). We start with the statute's language. As the Supreme Court has observed, the meaning of "a proceeding to enforce" § 1983 is unclear on its face because § 1983 does not create substantive rights that a person can "enforce" in the typical sense of the word. See Maher v. Gagne, 448 U.S. 122, 129 n. 11 (1980). Instead § 1983 establishes a means by which people can enforce the Constitution. It simply provides that, when a state actor violates a person's constitutional rights, that person can sue the state actor. That, of course, is exactly what Goss did. Indeed, § 1983 does nothing more than make lawsuits like this one possible. Thus Goss did enforce § 1983 in that he did precisely what it authorizes people to do.

---

[3]Ordinarily we review a district court's decision whether to award attorney fees under § 1988(b) for abuse of discretion. See 42 U.S.C. § 1988(b) (granting district courts discretion to award attorney fees). In this case, however, the District Court did not exercise its discretion under § 1988(b). Instead the District Court held that this case fell entirely outside the scope of § 1988(b) because Goss did not bring suit explicitly under § 1983. This is a legal determination on a question of statutory interpretation, and we therefore review it de novo.

Next we examine the legislative history. This history strongly suggests that, in enacting § 1988(b), Congress was more concerned with the substance of plaintiffs' claims than with the form in which those claims are presented. The Supreme Court has explained that Congress enacted § 1988(b) "to benefit those claiming deprivations of constitutional and civil rights." Maine v. Thiboutot, 448 U.S. 1, 9 (1980). Goss is such a person. "The function of an award of attorney's fees [under § 1988(b)] is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." City of Riverside v. Rivera, 477 U.S. 561, 578 (1986) (internal quotation marks omitted). Goss brought a "meritorious civil rights claim," although he did not cite § 1983. Furthermore, "the legislative history makes it perfectly clear that [§ 1988(b)] was intended to apply in any action for which § 1983 provides a remedy." Maher, 448 U.S. at 129 n. 11. This is such a case. Goss proved that Little Rock, a state actor, violated his constitutional right not to have his property taken without just compensation. Section 1983 therefore afforded him a remedy. Thus holding that Goss's action falls within the scope of § 1988(b) will further the policy underlying the statute's enactment.

Finally, our holding on this issue is consistent with decisions of the Second Circuit and the Sixth Circuit that have held that a prevailing civil rights plaintiff may recover attorney fees under § 1988(b) despite failing to plead or argue § 1983. See Haley v. Pataki, 106 F.3d 478, 481-82 (2d Cir. 1997); Americans United for Separation of Church & State v. School Dist. of Grand Rapids, 835 F.2d 627, 631 (6th Cir. 1987) ("§ 1988 is concerned with the substance of a prevailing party's action, rather than the form in which it is presented."). We are also persuaded by a case from our Circuit in which the plaintiff sought attorney fees after suing under both § 1983 and the Commerce Clause but prevailing only on the Commerce Clause claim. See Consolidated Freightways Corp. v. Kassel, 730 F.2d 1139, 1141-42 (8th Cir.), cert. denied, 469 U.S. 834 (1984), abrogated on a ground not relevant to this case, Dennis v. Higgins, 498 U.S. 439, 442 (1991). We held that the plaintiff could not recover

attorney fees under § 1988(b) because the plaintiff could not have prevailed under § 1983.  See id. at 1147.  More important for the present case, we also stated that "the fact that a party prevails on a ground other than § 1983 does not preclude an award of attorney's fees under § 1988.  If § 1983 would have been an appropriate basis for relief, then [the plaintiff] is entitled to attorney's fees under § 1988 even though relief was actually awarded on another ground."  Id. at 1141-42 (citing Maher, 448 U.S. at 132 n. 15).  Consolidated Freightways thus lends further support to the principle that, in applying § 1988(b), we should focus on the substance rather than the form of a plaintiff's case.

For the foregoing reasons, we conclude that the District Court erred in denying Goss attorney fees on account of his failure specifically to plead or argue § 1983.  This does not mean, however, that Goss is entitled to recover all his attorney fees.  Because Goss did not prevail on his request that Little Rock be ordered to rezone his property without the dedication requirement or on his claims for monetary damages, he should receive only a partial award.  We remand to the District Court for its determination of a reasonable award, taking into account the limited success Goss has achieved in the litigation.

In summary, we affirm the judgment of the District Court that Little Rock's refusal to rezone Goss's property unless he accepted an unconstitutional condition amounted to a taking of private property without just compensation.  We reverse the District Court's order that Little Rock must rezone the property without the dedication requirement.  We affirm the District Court's judgment that Goss is not entitled to compensatory damages.  We reverse the District Court's denial of Goss's request for attorney fees and remand for the determination of a reasonable award.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-