# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2823

_____

| | | |
|---|---|---|
| Barbara Mrzlak Brundo, Ed.D., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Rev. Stephen Stillmunks, Registered | * | |
| Agent, Christ the King Catholic School | * | [UNPUBLISHED] |
| & Church; Laraine Conway, | * | |
| Principal, Christ the King School; | * | |
| Chris Segrell, Assistant Principal, | * | |
| Christ the King School, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 10, 2010
Filed: March 19, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Barbara Brundo appeals the district court's[1] dismissal and imposition of sanctions under Fed. R. Civ. P. 11 in her employment-discrimination suit. Defendants have filed a motion for damages and costs under Fed. R. App. P. 38.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We find that the district court properly dismissed Brundo's complaint. See Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996) (de novo review of dismissal for failure to state a claim); see also Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998) (liability under Title VII borne by employers, not individuals); Birkback v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (individuals are not subject to suit under ADEA); Billingsley v. BFM Liquor Mgmt. Inc., 613 N.W.2d 478, 484 (Neb. 2000) (NFEPA is modeled on ADEA). We also hold that Brundo has not given this court any reason to find that the district court abused its discretion in imposing sanctions under Rule 11, or that the amount the district court awarded was unreasonable. See Fed. R. Civ. P. 11(b), (c); Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1008-11 (8th Cir. 2006) (standard of review; describing Rule 11 procedures).

Accordingly, we affirm. See 8th Cir. R. 47B. Because we have determined that Brundo's appeal is wholly without merit, we grant defendants' Rule 38 motion, and award damages and costs in the requested amount of $5,196. See 28 U.S.C. § 1912 (when judgment is affirmed, court may, in its discretion, award just damages and costs to prevailing party); Fed. R. App. P. 38 (if court finds appeal frivolous, it may award just damages and single or double costs to appellees); see also Newhouse v. McCormick & Co., 130 F.3d 302, 305 (8th Cir. 1997) (per curiam order) (appeal is frivolous when result is obvious or when appellant's argument is wholly without merit).

_____